WALKER et al. by Guard'n, vs. WALKER, Ex'r.

1. The rule, which sacrifices the former of two contradictory clauses in a will to the latter, is never applied except on the failure of every attempt to reconcile them.

∴ The local order of a will will be disregarded and its provisions transposed, if thereby every part can be rendered consistent and effectual.

3. A legacy to a *grandchild* payable at a future day does not bear interest until after it is payable. Whether when the time of payment arrives the legatee is entitled to the interest that has accrued—Quere?

Error to the Orphans' Court of Tuscaloosa.   Tried before the Hon. Arthur Foster, Judge.

On the final settlement of the estate of Robert Walker, deceased, by Moses P. Walker, his executor, the plaintiffs in error, who are still minors, claiming under the tenth and thirteenth clauses of the will, moved the Orphans' Court for a decree that the legacies bequeathed to them respectively be paid by said executor, which motion the court refused.   They then moved that said executor be ordered and directed to pay over annually the interest on said legacies, computing the same from one year after the testator's death, for the support and sustenance of said plaintiffs during their minority, which motion was also refused. The testator, after providing by the previous clauses for his widow and several of his children, by the eighth bequeathes to his daughter, Eleanor Bozwell, "the sum of six hundred dollars," and by the ninth to his step-son, James J. Foster, and his step-daughters, Elizabeth Cardwell and Sarah C. Glascock, each "the sum of three hundred dollars."   Then follow the tenth, eleventh, twelth and thirteenth clauses, which are either copied or substantially stated in the opinion of the court.   To the rulings of the court the plaintiffs excepted and now assign them as error.

J. L. Martin, for the plaintiffs:

1. We contend that by the thirteenth clause of said will the legacies bequeathed in the tenth clause were vested in the wards of the plaintiff in error, and were due and payable at the expiration of one year after the death of the testator, and bore inte-

rest from that time.—4 Mass. Rep. 208; 6 Peters, 68; 2 Stew. 170; 5 Ala. 143; 8 Port. 197.

2. We also contend that if not payable at the time stated, the bequests bore interest from that time, which interest was the property of the wards respectively and would in case of their death go to their respective administrators: That as they were not otherwise provided for, and as it was necessary for their maintenance and education, it was the duty of the court below to have ordered the interest, or so much as was necessary to be paid over for that purpose.—2 Roberts on Wills, 96-102; 2 P. Williams; Harvey v. Harvey, 21; 2 Roper on Legacies, 192-3; 1 Jarman, 434-437-411.

It appears by the settlement with the executor that the fund provided to pay debts and legacies was more than enough for that purpose and was evidently known to the testator, and forms a strong argument in favor of the construction for which we contend. It is a well established rule of law and fully recognised by this court, that an executor cannot retain legacies of this sort unless it is so directed to be kept by the will, an executor not being bound to loan out money in his hands without direction to that effect. These positions are sustained by the authorities cited. If the money is not paid over to the guardian, what is to become of it during the minority of the legatees? And if they are not entitled to the accumulation, who is? There is no residuary legatee. If the legatees were the children of the testator, interest would be payable for their support whether the legacy was due or not, and whether vested or not; and many cases are found which hold the same rule as to grandchildren where their parent is dead and they not otherwise provided for; the present legatees are in that condition. Some of these cases are above cited.

Ormond, Nicholson and Whitfield, for the defendant:

1. The rule that a former contradictory clause in a will must yield to a latter one will never be enforced, but upon the failure of every attempt to give the whole will such a construction as will render every part effectual.—1 Jarman on Wills, 415-16; Shenat v. Bentley, 7 Cond. Eng. Ch. R. 305; Bettison v. Richards, 2 Eng. Com. L. Rep. 105; 2 Paige, 122.

2. As to interest on legacies, the general rule is that a legacy

bears interest after one year from the death of testator, unless. the legacy be payably at a future day; or unless some period be fixed by the will as that from which interest is to commence. This is the English rule and has been adopted by this country. 3 Munf. 10. In this State it commences eighteen months after letters testamentary.—Hallett & Walker v. Allen, 13 Ala. 554; see Knight v. Knight, 2 Sim. & Stu. 490; C. E. C. R. 555. The general rule is, that a legacy payable a future day does not bear interest in the mean time, unless it be from a father to a child, or unless there be something on the face of the will indicating such meaning.—2 Robinson's Pr. 107; 3 Mun. 198; 13 Ala. 558. The rule as to devise to a child, bearing interest for maintenance, does not apply to a grandchild.—2 Johns. Cases, 200; Lupton v. Lupton, 2 Johns. Ch. Rep. 614; Palmer v. Mason, 1 Atk. 505; Errut v. Barlow, 14 Ves. 202; Ward on Legacies, 307-8; Heath v. Perry, 3 Atk. 101.

CHILTON, J.—The questions for our revision depend upon the construction to be placed upon the will of Robert Walker, deceased, by which after making provision for the payment of his debts and funeral expenses, and bequeathing sundry slaves and tracts of real estate to his wife and children, and. also several pecuniary legacies, he makes the following bequest in the tenth item which is the one under which the plaintiffs in error claim, namely: "I give and bequeath to the heirs of my son, Robert B. Walker, whose names are James Robert Walker and Hickinson P. Walker, each the sum of one thousand dollars, to be paid them as they become of age by the administrator of this my last will and testament; and in case either or both of said legatees should die before they shall come of age, the amount herein bequeathed to them as aforesaid to be equally divided among my daughters, Julia Hill, Mary Moody and Martha McGuire." The testator, by the eleventh and twelth clauses of the will, after providing for taking a schedule of his entire estate by three discreet free-holders, said schedule to be appended to his will, and also for the sale of his growing crop, stock, &c., out of the proceeds of which he desired that his debts, funeral expenses and the several legatees should be paid, and the remainder if any distributed, provides by the thirteenth clause as follows: "I also will and ordain that my executor

Walker et al. v. Walker, ex'r.

shall pay the said several sums of money bequeathed as aforesaid unto the said several legatees respectively so soon as one year after my decease shall have expired."

It is insisted by the counsel for the plaintiffs in error that notwithstanding the tenth clause of this will, which makes the legacies to depend upon the contingency of the legatees arriving at the age of twenty-one years, at which time the legacies are made payable, yet the thirteenth clause being as to the time of payment repugnant to the tenth, must so far modify and control it, upon the established rule of interpreting wills, that where two clauses are repugnant to each other so that they cannot be reconciled or possibly stand together, the clause that is posterior in local position shall prevail.—Jarman on Wills, 411-12, and authorities cited in note a to 1 Amer. edit., and see Merrall v. Sutton, 4 Beav. 478. We, however, do not agree with the counsel in the proposition that the will before us does present any irreconcilable conflict. On the contrary, we feel no hesitation in pronouncing that the testator in the thirteenth clause had no reference to the legacy bequeathed by the tenth item. He evidently is refering to the pecuniary legacies for the payment of which he had previously fixed no time. There were several of these, and it is but reasonable to suppose that the testator intended to fix the time when as well as the fund out of which they should be paid. If we transpose this will and read the thirteenth clause, as inserted between the ninth and tenth clauses, every one would be impressed at once with the conviction that the construction we have placed upon this will is but carrying into effect the true intention of the testator. It is allowable to resort to this transposition to reconcile the supposed contradiction. Mr. Jarman, in his work on Wills, (vol. 1, p. 415-16,) says : " The rule which sacrifices the former of several contradictory clauses is never applied but on the failure of every attempt to give to the whole such a construction as will render every part of it effectual. In the attainment of this object the local order of the limitations is disregarded, if it be possible by the transposition of them to deduce a consistent disposition from the entire will." The clear intention of the testator was that these two grandchildren should take the legacies bequeathed them only in the event that they attained to the age of majority. This age they have not yet attained and are not

therefore entitled to the payment of the legacies. We are re-
fered to several decisions by the counsel for the plaintiffs in
error somewhat analogous to the cause at bar, where an appa-
rently different conclusion was arrived at, but upon a critical
examination these cases will be found essentially to differ in
some of their leading facts from the case before us. With
respect to adjudged cases as furnishing precedents for our guid-
ance in the construction of wills, we may well apply the remark
of one of the ablest judges who has ever had a seat upon the
bench in the United States, " that the positive authority of a
decision is co-extensive only with the facts upon which it is
made."—12 Wheat. 333; 1 Coms. Rep. 143. The great
anxiety which the courts have manifested to reconcile and give
effect to all parts of the will, may be found illustrated in the
cases collected and commented on by Mr. Jarman, (vol. 1, p.
416, *et seq.*)

As to whether these legatees will be entitled to interest upon
their legacies when the same become payable according to the
tenth clause of the will, is a question not now presented. We
therefore express no opinion upon it. But we are called upon
to determine whether the court below committed an error in
refusing to set apart a sum of money as interest upon these lega-
cies for the support and education of these wards during their
minority. Waiving the question whether in a case situated
like the present the Orphans' Court possesses the jurisdiction
to decree such appropriation, if the terms of the bequest would
justify the construction contended for, we are of opinion that
under the will no such provision is made or authorised. It
seems to be the established rule that a legacy payable at a fu-
ture day does not carry interest until after it is payable. An
exception to this rule obtains in favor of a *child* who has no
other provision made for his or her maintenance in the mean
time by the will, but this exception according to the decided
preponderance of authority is not allowed in favor of grand-
children. In Butler, an infant, by his guardian, v. Freeman,
the grandfather of the plaintiff by his will after directing his
debts, &c. to be paid, bequeathed all the rest and residue of his
personal estate to his grandson, the plaintiff, at his age of twenty-
one, and in the event of his death before arriving at that age,
then to the defendant, Freeman, whom also he appointed exe-

cutor. The bill was for the interest during the minority of the grandchild. Lord Hardwicke held that the legacy being given by a grandfather to a grandson upon a contingency of his at-taining his age of twenty-one, and as nothing was said how the produce of the legacy should be applied, the plaintiff was not entitled as grandson to be maintained out of the produce—(3 Atk. Rep. 58, and cases cited in note 1, p. 60; Lupton v. Lup-ton, 2 Johns. C. Rep. 628-9, and cases cited ; Ward on Lega-cies, 307; 2 Johns. C. Cases, 200.)

Our conclusion is that there is no error in the decree of the Orphans' Court, and it is consequently affirmed.