(No. 19299.—

The Chicago Title and Trust Company, Exr., Appellee, *vs.* The City of Waukegan *et al.*—(Jane A. Green *et al.* Appellants.)

*Opinion filed February 20, 1929.*

JOHN W. CREEKMUR, D. E. HOOPINGARNER, and CYN-
THIA R. KELLY, for appellants.

CHARLES H. WELLS, and W. H. SAFFORD, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from a decree of the circuit court
of Cook county construing the last will and testament of
Charles Dowst, deceased. Dowst, a resident of Evanston,
Cook county, died testate on May 22, 1919, leaving him sur-
viving as his only heirs-at-law appellants, Jane A. Green, a
sister, and Helen C. D. Foster and Theodore S. Dowst, chil-
dren of Samuel Dowst, a brother, who had previously died.
Decedent's last will and testament was duly probated in the
probate court of Cook county, and appellee, the Chicago
Title and Trust Company, was duly appointed executor and
trustee thereunder. Thereafter appellee filed its bill in
chancery in the circuit court of Cook county asking for a
construction of the will. The heirs-at-law, legatees and
devisees were made parties defendant. The defendants an-
swered and the heirs-at-law filed a cross-bill. A hearing
was had and decree entered.

Appellants in this court are seeking a reversal of the
decree of the trial court on its construction of three provi-
sions of the will, namely:

(1) A gift to the city of Waukegan, which is as follows: "The residue of my estate I place in trust with the Chicago Title and Trust Company, to be held during the life of my sister, Mrs. Wm. H. Green, of the city of Waukegan and State of Illinois. The income from the said estate, after paying all taxes on my property and repairs, improvements, etc., with the exception of taxes on the homestead which are to be paid by Mrs. Wm. H. Green as long as she lives, is to be added to my estate until the death of Mrs. Wm. H. Green, of the city of Waukegan and State of Illinois. At the death of Mrs. Green I hereby will and bequeath to the city of Waukegan, county of Lake and State of Illinois, said property known as lot 20 and block 1 in the original town of Littlefort, now known as the city of Waukegan. Said property to be used as an emergency hospital and for no other purpose, and to be known as the Jane Dowst Emergency Hospital, the residue of my estate at that time available to be used for building a hospital. Said hospital to be under the charge of a board of aldermen of the city of Waukegan, county of Lake and State of Illinois."

(2) A provision for the benefit of the employees of the Dowst Brothers Company, which is as follows: "And I also will the amount of $10,000 (ten thousand dollars) worth of stock, face value, in the corporation known as Dowst Brothers Company, to be held as a benefit fund for sick employees and as a fund to pay to each employee the amount of $100 (one hundred dollars) at their death. A codicil will be added to this will giving further details regarding this matter."

(3) A gift for the benefit of Jane A. Green, one of these appellants, which is as follows: "To my beloved sister, Mrs. Wm. H. Green, of the city of Waukegan, State of Illinois, if alive at my death, I will and bequeath the sum of $15,000 (fifteen thousand dollars). That sum to be invested by my executors in bonds and the income

from same to be paid her every three months during her natural life. The principal, at her death, to revert to my estate."

The court in its decree found as to the devise to the city of Waukegan: "This court finds that said devise and bequest is a charitable one and is favored in the law, and that said city of Waukegan has, under the laws at present in force in the State of Illinois, power and authority to receive and carry out the terms of said devise and bequest, and also that any finding or decree of this court holding that said devise and bequest fails for any reason, made prior to the death of said Jane A. Green, would be premature and ineffective, because it is impossible to state what the conditions or state of the law will be at the time fixed in said last will and testament when said devise and bequest shall pass to said city of Waukegan; that the public is interested in the execution of said trust, and the Attorney General of the State of Illinois is therefore a proper and necessary party to said second amended and supplemental cross-bill, which seeks to defeat said devise and bequest, and should have been joined therein." As to the $10,000 of stock it was decreed "that the bequest in said last will and testament of the amount of $10,000 worth of stock, face value, in the corporation known as Dowst Brothers Company, to be held as a benefit fund for sick employees and as a fund to pay to each employee the amount of one hundred dollars ($100) at their death fails and lapses because of the uncertainty of what employees were intended to be beneficiaries, and also that the stock described in said attempted and lapsed bequest passes into and becomes a part of the residuary estate of said testator."

It was contended by appellants (1) that the gift to the city of Waukegan is invalid; (2) that the gift of $10,000 of capital stock is invalid for uncertainty and is intestate property; (3) that the complainant, the Chicago Title and Trust Company, as executor and trustee of the will, is not

entitled to deduct for its services any sum from Jane A. Green's income from the $15,000 provided in the will.

At the date of the death of the testator the city of Waukegan had power, under the Cities and Villages act, to erect and establish hospitals and medical dispensaries, to control and regulate the same, to do all acts and make all regulations which may be necessary or expedient for the promotion of health or the suppression of disease, and to conduct a hospital either as a charity or as a means for the promotion of the general health of its residents or the suppression of disease among its inhabitants. (*Tollefson* v. *City of Ottawa*, 228 Ill. 134.) A city is a creature of the legislature, and has from time to time such powers, only, either express or implied, as are vested in it by the legislature, and such powers are subject to change at any time by legislative enactment. It cannot now be known whether or not at the time of the death of Mrs. Green the city of Waukegan will have the power to avail itself of the provisions of the will, and the trial court properly held that any holding now made as to the invalidity of the devise to the city would be premature and ineffective.

The will stated that a codicil would be added giving further details as to the bequest of $10,000 of stock of the Dowst Brothers Company to be held as a benefit fund for sick employees. No codicil was added, and it was conceded by all parties at the hearing that the bequest lapsed for indefiniteness of the beneficiaries. By his will the testator appointed the Chicago Title and Trust Company as executor and trustee of his estate, "to hold the real estate with the residue of my estate, both real and personal, during the life of said Mrs. William H. Green of the city of Waukegan and State of Illinois. And on her death I will and bequeath the entire estate to the city of Waukegan for the purposes herein described and for no other." It is a well settled rule, that all lapsed or void gifts of personal property fall into a general residuary bequest instead of

being treated as intestate estate descending to the heirs-at-law, unless a contrary intention on the part of the testator clearly appears. (*Crerar* v. *Williams,* 145 Ill. 625.) This rule is based on the presumed intention of the testator that the residuary clause included everything not effectively devised or disposed of, (*Dorsey* v. *Dodson,* 203 Ill. 32,) and on the further presumption that when a man dies testate he intended by his will to dispose of all his property and leave no part of his estate intestate. The term "residue" meaning that which remains, no particular mode of expression is necessary to constitute a residuary clause, and it is a general rule to so construe a residuary clause as to prevent the intestacy of any part of the testator's estate unless there is an apparent intention to the contrary. (*Dunn* v. *Kearney,* 288 Ill. 49.) In the instant case the testator's disposition of the residue of his estate was sufficiently broad to carry with it this lapsed legacy.

As to appellants' third contention, that the Chicago Title and Trust Company, as executor and trustee, is not entitled to deduct any sum from Jane A. Green's income from the $15,000 bequest for its services as such trustee, the court held that the language of the will as to the disposition of the income was so clear in expression and meaning as not to require the finding and decree of the court in construing the same. Where the language of a will is clear and unambiguous a court of equity will not assume jurisdiction of a bill for its construction. (*Greenough* v. *Greenough,* 284 Ill. 416.) The same rule applies to a clause of a will. We find nothing ambiguous about the language of the clause in question, and the court properly declined to construe it.

Finding no error in the decree of the circuit court it will be affirmed.

*Decree affirmed.*