(No. 25077.—)

FAYE WILLIAMS, Appellant, *vs.* MATIE IVIE *et al.* Appellees.

*Opinion filed April 19, 1939.*

CONGER & ELLIOTT, for appellant.

BEN H. TOWNSEND, FRED W. GEE, and WALTER F. KOLB, for appellees.

Per CURIAM: This appeal is from a decree of the circuit court of Wabash county for partition of certain lands. The controversy is between the residuary devisees of Zula Seiler, deceased, and her heirs-at-law, and its determination requires a construction of her last will and testament.

The second clause of the will is as follows:

"I give, devise and bequeath all of the property, real, personal and mixed, wherever situated, of which I may die seized and possessed, to my sister, Maude Seiler, if she is living at the time of my death, in fee simple, as her absolute property."

By the third clause she devised certain real estate not involved here, if Maude Seiler were not living at the time of her death.

The fifth clause reads:

"I give, devise and bequeath all the rest and residue of my estate, real, personal, and mixed, wherever situated in fee simple as their absolute property to said Faye Crabb, Mary McIntire, and Matie Ivie, and if any of them should not be living at the time of my death, then the survivor or survivors of them shall take said residue."

Maude Seiler predeceased the testatrix, and the question presented is whether the real estate devised to her by the second clause of the will, and not mentioned in the third clause, passes as intestate property or as provided in the

residuary clause. The circuit court held it devolves as intestate property to Zula Seiler's heirs. From the decree the residuary devisees have appealed directly to this court, a freehold being involved.

It was undoubtedly the general rule at common law that, unless a contrary intention was shown in the will, a lapsed devise passed as intestate property and did not fall within the residuum. (44 L. R. A. (N. S.) 782; *Belleville Savings Bank* v. *Aneshaensel,* 298 Ill. 292.) Appellees insist the common law rule is still in force in Illinois and that this is a lapsed devise which descends as intestate property. In the view we take, we are not called upon to determine whether the general common law rule still prevails in this State. The courts have long recognized an exception to the general rule in cases where the testator has, by a specific devise, made an incomplete, contingent or conditional disposition of the property. (*Carter* v. *Lewis,* 364 Ill. 434; 108 A. L. R. 464, and note thereto; *Hartwick* v. *Heberling,* 364 Ill. 523; *Ryan* v. *Beshk,* 339 id. 45; *Fisher* v. *Easton,* 299 id. 293; *Friedman* v. *Friedman,* 283 id. 383; 1 Jarman on Wills (5th ed.) 650; 44 L. R. A. (N. S.) 782.) In such case it is held that the part not completely and unconditionally devised falls within the residuary clause. In other words, if the condition or contingency on which the devise is to take effect fails to occur, the estate passes according to the provisions of the residuary clause. The basis of this exception is the presumed intention of the testator to dispose of all his property and leave no part of it intestate.

By the terms of the will Maude Seiler was to take all the property in fee "if.she is living at the time of my death." Appellees contend these quoted words are mere surplusage, for they merely state the common law rule that a lapse occurs when the devisee dies in the period intervening the making of the will and the death of the testatrix; that the legal effect of the devise would have been the same without this provision, and, therefore, this in an ordinary lapsed

devise, which, by the common law rule, descends as intestate propery. It is true that these words had no effect as to the interests of Maude Seiler. Her interests were the same with or without them. However, it does not follow that the words are mere surplusage. In our opinion they have an important bearing as expressing testatrix's intention, which we are bound to give effect. These words disclose that testatrix realized that by this devise to Maude Seiler she had not made a complete and unconditional disposition of her estate; that Maude Seiler would take under this devise only if she outlived the testatrix, and that if she did not outlive testatrix clause 2 of the will did not apply. She then provided, by clause 3 of the will, for the devolution of certain of this property in case the conditions precedent set forth in clause 2 were not met. Then followed the general residuary clause. It is thus apparent that testatrix intended the residuary clause to include the property in clause 2, not provided for in clause 3, in the event Maude did not outlive testatrix. This construction gives effect to every portion of the will.

Both parties have discussed *Carter* v. *Lewis, supra*. In that case the testator devised certain real estate to his wife for life, remainder to "the legal heirs of my body." By a general residuary clause he gave the remainder of his estate to his wife, in fee. The testator died without having had any children. After construing "heirs of my body" to mean children, we held the interest of the unborn children was a contingent remainder, and that the testator retained a reversion which passed by the residuary clause, the contingent remainder having perished by the testator's death without legal heirs of his body. Appellant urges there was no reversion retained by testatrix in this case for the reason that, since the will did not become operative until testatrix's death, she was the absolute owner of the fee until that time; and on her death the specific devisee, Maude Seiler, became owner either of the fee simple title or her interest

failed completely, so the testatrix could never have owned a reversion. It is true that, strictly speaking, she never owned a reversion for the reasons stated by appellees. However, it will be observed that the same situation obtained in *Carter* v. *Lewis, supra*. Whether or not the contingent remainder would fail completely or become vested was determined at the time of the death of the testator. What is meant by the statement that a reversion was retained or that a contingent interest was created is not that such interests ever actually existed; rather the correct meaning is that by the specific devises of the will the testator has not made a complete, absolute, and unconditional disposition of his interests in the property mentioned; he has not exhausted his title. The interest not so devised is spoken of as being retained by the testator and is a part of the residue of property included in the residuary clause.

In *Hartwick* v. *Heberling, supra,* the testator devised certain real estate for life, then to the heirs of the life tenant's body, but if the life tenant died without leaving heirs of his body then to two remaindermen. The life tenant survived the two alternate contingent remaindermen and died without leaving heirs of his body. We held the land descended under the residuary clause and said: "If a specific devise includes only a partial or a contingent interest, or if an estate in fee is devised specifically but is to take effect only on the happening of some contingent event, the reversion will pass by a residuary clause in the same will although the devisee of the partial or contingent interest is also the residuary devisee."

Appellees contend that in all the cases cited the interest which was contingent or conditional was preceded or supported by a particular estate which was absolutely devised, and that the rule applies only to such cases, and not to a case like this where the entire devise was conditional. No reason is assigned for so limiting the rule and in our opinion there is none. The reason for the rule is that the testator

intends the residuary clause to include that portion of his estate which is not absolutely devised specifically. If the devise is conditional and the condition does not occur, he intends the residuary clause to include the entire fee. Since he provided specifically for its devolution if the condition occurred, it is presumed he intended it to pass by the residuary clause if the condition failed. The residuary clause is presumed to include all his estate not otherwise effectually disposed of. (*Carter* v. *Lewis, supra.*) We conclude that the property in question passes according to the provisions of the fifth, or residuary clause, of the will of Zula Seiler.

The decree of the circuit court is reversed.

*Decree reversed.*