OPINION
By GEIGER, PJ.
This matter is before this Court on appeal on questions of law from the judgment of the Probate Court of Clark County, Ohio, entered on the 17th day of April, 1939.
*106 In a proceeding to determine heirship, a petition was filed in the Probate Court on November 12, 1937, by R. N. Stewart, Executor of the estate of John W. Holden, deceased, v Charles Purget, et al. It is alleged by the plaintiff below that John W. Holden died seized in fee simple of certain real estate situated in Springfield, Ohio, of the probable value of $4,000.00, and of personal property of the probable value of $9,700.00.
Thirteen parties are named as legatees. Of the thirteen it is alleged that eight are now deceased, seven predeceasing the testator.
The will of John W. Holden is attached as executed on the 22nd day of May, 1932.
We will only note those items which seem to be of importance in this case.
“ITEM I. I give and devise to Charles Purget, now living in Enon, Clark County, Ohio, the sum of one thousand dollars.”
By the next twelve items he gives money to legatees, not related to him by blood, six of whom predeceased him.
The fourteenth item provides that — “The balance of .my estate remaining after paying my debts and charges and the legacies above mentioned, I direct shall be divided among the persons or devisees herein in such proportion as the amount devised to such person bears to the said sum so remaining.”
The petition prays that the Court determine who are the heirs and distributees of said decedent, and their respective interests in the estate, in accordance with the statute.
Robert Purget’s guardian files an answer denying all material allegations prejudicial to her ward, and states that John W. Holden, the testator, was a half brother of Charles Purget, they being sons of the same mother by different fathers; that Charles Purget is deceased, having died in 1931, and that the defendant, Robert Purget, is the sole and only child of Charles Purget, and that he is entitled to the bequest made to his father under the will of John W. Holden, and entitled to the legacy and bequest given to Charles in Item I, and to all property to-which the said Charles would have been entitled under said will had he survived the testator.
The reply, as filed by Robert N. Stewart, Executor, to the answer of the Guardian of Robert Purget, admits that Charles Purget is deceased, and denies all other allegations of the answer,
The entry of April 17, 1939, from which appeal is taken is in part — ■
“* * * it is therefore ordered, adjudged and decreed: That the following persons who are named as legatees and beneficiaries in the will of said John W. Holden, deceased, are by the provisions of said will and the laws of this state entitled to take under said will: * * *. The Court further finds that Charles Purget, named in said will as a legatee and beneficiary, predeceased the testator and left surviving him as his only issue his son, the defendant, Robert Purget, and that the said Charles Purget, deceased, was a brother of the half blood of said testator, John W. Holden, deceased, and that by reason thereof the said Robert Purget is entitled to take under the provisions of said will the sum bequeathed to Charles. Purget, deceased. The Court further finds that the following named persons * * * all predeceased testator, were not of blood relation to said testator, and said! bequests and legacies to them lapsed, and became part of the residuary estate, and that Item *107 14 of said will of John W. Holden, deceased, constitutes the residuary .clause of said will, and provides for the distribution of the residuary estate, and the Court further finds that no portion of said estate passes as intestate property, and said residuary clause disposes of said estate remaining after payment of the specific bequests therein provided for, all debts and charges against said estate. The Court further finds that the living legatees are entitled to the full amount of the bequests and legabies provided for in the several items of said will, and - in addition thereto they are entitled to the proportionate shares of the residuary estate of said John W. Holden, deceased, as provided in said residuary clause of said will, after payment of all debts and charges against said estate, and the legacies provided for therein. And the Court further finds that the said Robert Purget is entitled to the full' amount of the bequest and legacy provided for Charles Purget in said will, and the proportionate share of the residuary estate to which said Charles Purget would be entitled had be survived said testator, John W. Holden, as provided in said will, after payment of all debts and charges against said estate, and the legacies provided for therein, and said Executor is authorized to distribute said estate accordingly. The Court further finds that said John W. Holden died seized of the real estate in said petition described.
Pearn Rightmyer and five other named legatees gave notice of appeal upon questions of law and fact from this judgment, said appeal to be to the Court of Common Pleas. The defendants, Robert Purget and his Guardian gave notice of appeal to the Court of Appeals of Clark County, Ohio, from the same judgment, said appeal being on questions of law.
Robert Purget and his Guardian file an assignment of error as follows—
“1. The Court erred in its judgment that the lapsed legacies as set forth in Items 2, 3, 5, 11 and 12, became part of the residuary estate.
2. * * * that Item 14 of said will constitutes a residuary clause.
3. * * * that the legacies which the legatees named in Items 2, 3, 5, 8, 11 and 12 would have received under Item 14 of said will had they survived the testator, became a part of the residuary estate (Item 14), and .that no portion of said estate passes as intestate property,- and said residuary clause (Item 14) disposes of said estate remaining after payment of the specific bequests, debts and charges against said estate.
4. * * * in not finding that the appellant, Robert Purget, as the next of kin of the testator, was c-ntitled to all the lapsed legacies which the legatees named in Items 2, 3, 5, 8, 11 and 12 would have received under those items and also Item 14 of said will had they survived the testator.”
This is an action brought to determine heirship. Under the provisions of §10509-95, it is provided in substance that when property passes under a will to a beneficiary not named in such will, proceedings may be had to determine the persons entitled to such property.
Section 10504-73 GC, provides that when a devise is made to a child or other relative of the testator, that if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, such issue shall take the estate devised as a devisee would have done if he had survived the testator.
*108 Robert N. Stewart, Executor, and the other appellants file a motion in this Court to dismiss the appeal on'two grounds, the first being that there was an appeal to the Court of Common Pleas on questions of law and fact, the second ground being that there is in this case no bill of exceptions. The first ground was disposed of by a former order of this Court made May 16, 1941, overruling the motion to dismiss the appeal on the ground that an appeal was pending in the Court of Common Pleas, this Court holding that under the section of the statute in reference to appeals from the Probate Court that the said cause could not be appealed to the Common Pleas Court but must be appealed direct to this Court.
It is next urged that in the absence of a bill of exceptions this Court has no authority to do other than affirm the judgment and cases are cited which, if applicable, would require such a holding.
Section 11564 GC, enumerates the conditions upon which a bill of exceptions is required. We quote, with appropriate deletions, from the first part of the section—
“When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry * * * the party excepting must reduce his objections to writing, and file them in the cause, not later than forty (40) days after the overruling of the motion for a new trial, or the decision of the court * *
Section 10509-99 GC, in the chapter providing the procedure in Probate Court in proceedings had to determine the persons entitled to property, provides that after the hearing of the evidence the Court shall—
“if satisfied from the evidence, find and adjudge who are or were the heirs, or next of kin of the decedent, and entitled by the law of this state to inherit the estate of the deceased, * * * which finding and adjudication shall be entered on the journal of the court, which entry, or a duly certified copy thereof, shall be prima facie evidence of the facts therein found.”"
The Court has followed this section and has set out in detail the finding which he made after the hearing of the evidence and entered the same upon the journal of the Court as appears in the entry of April 17, 1939, above quoted.
The assignment of errors filed herein does not question the finding of facts made by the Court upon the evidence adduced. The appellant concedes that the finding of facts as made by the trial court is in accordance with the evidence, and he is entitled to prosecute his error in this Court without a bill of exceptions. If the error complained of is manifest independently of the bill of exceptions, such a bill is not required under §11564 GC. The motion to dismiss on this ground is overruled.
We have before us a most interesting discussion of this matter and it is asserted by both sides, that there is no law in Ohio definitely applicable to the case at hand. The question is, what becomes, under the will of this testator, of the monies aggregating $2,600.00, bequeathed to six beneficiaries named in Items 2, 3, 5, 8, II and 12, who were not related by blood to the testator and who predeceased him and whose legacies lapsed? What became of their proportionate shares of any remaining balance of the estate under *109 Item 14? It is asserted that this specific question is unanswered in the state of Ohio save for the decision of the Court below.
It is asserted that the question has received three different answers in outside jurisdictions.
(1) What may be designated as the Illinois cases are to the effect that both the specific money legacy in each case and the residuary balance given to any non-rela¡tive predeceasing the testator, become intestate property and descend to the testator’s heir-at-law.
(2) The Massachusetts’ holding is that the specific money legacy, while it lapses, does not descend to the heir-at-law but goes to swell the residuum, but that the deceased beneficiary’s aliquot part of such residuum then becomes intestate property, going to the heir-at-law.
(3) The Kansas and Indiana rule is that upon lapse of the specific money legacy to a deceased beneficiary, the same goes into the residue, but that none of the residuary balance becomes intestate property, but must be proportionately divided between those beneficiaries named or otherwise designated in the residuary clause who have survived the testator.
It would seem that the latter rule was the one applied in the case at bar.
For the convenience of those interested in the further pursuing of this matter, we cite the cases supporting each of the three propositions—
Howell v Dorsey, 203 Ill., 32.
Crawford v Cemetery Asso’n., 218 Ill., 399 (1905)
Williams v Ivie, 371 Ill., 355 (1939)
Kerr v Daugherty, 79 N. Y., 329,
Trust Co. v Turner, 210 Mass., 115 (1911)
Grey v Bailey, 42 Ind., 349 (1873)
Holbrook v McCleary, 79 Ind., 167 (1881)
West v West, 89 Ind., 529 (1883)
Corbet v Skaggs, Extr., 111 Kan., 380 (1922)
We are nót disposed to give ’ space to an analysis of these several lines of decisions nor are we ready to concede that the matter here before the Court is not definitely decided by rules laid down by the Supreme Court of Ohio. We are of opinion that the case of Davis v Davis, Extr., 62 Oh St., 411, announces principles which may be directly applicable to the case at bar. We shall not attempt to quote at length from this case as we think it of sufficient value to merit a close reading in detail. It is here held—
“1. When a residuary clause in a will admits of a limited application as well as of one of a more general character, it should be given that construction which will be most favorable to the heir-at-law.
2. The rule which adopts a construction more favorable to the residuary legatee with respect to void or lapsed legacies than is applied with respect to void or lapsed devises, does not obtain in this state. The will should be construed, in either case, so as to give effect to the intention of the testator as fairly ascertained from a consideration of all its provisions and his situation at the time of its execution.
3. Where the residuary clause is limited in terms to ‘the balance’ that remains after the payment of certain legacies from a fund derived from particular prop- . erty, the amount of such legacies that are void or' lapsed, does not pass under such clause, but is subject, as undisposed of property, to the statutes of descent and distribution.”
*110 It is claimed by the appellees that the case at bar is clearly distinguishable from Davis v Davis and Oglesbee v Miller, 111 Oh St, 426, for the reason that in each of these the gift was merely of the residuum of a certain fund, or that arising from the sale of a certain fractional portion of testator’s property, and did not purport to pass the residuum of his entire estate. It is .asserted the language used by the testator in each of these cases could scarcely be held to create a general residuary clause without doing violence to his manifest intentions.
We are of the opinion that the case of Davis v Davis might well point the way to the solution of the matter now before us. Without intending to do more than epitomize this decision, we would state that the decedent, a resident of Cuyahoga County, executed a will on the 24th day of November, 1893, and died on the 12th day of September, 1894, without leaving either a widow or lineal descendants. The plaintiff, however, had been duly adopted as his child in accordance with the laws of this state and survived testator as his sole heir-at-law. Certain pecuniary legacies were given to collateral relatives of his deceased wife and of his own, and to his adopted child and to other persons. He made three specific charitable bequests all of which lapsed for the reason that he died within one year from the date of the will. The fund derived from the sources named in the will out of which the legacies were to be paid exceeded their aggregate amount and after the testator’s debts and the satisfaction of all other charges, there was a balance to pass to the children of the brothers and sisters of the testator. The executor sought direction of the Court as to the amount of the void legacies that fell into the balance of the estate or passed as undisposed of property to the adopted child. The Court holds as indicated in the above quoted syllabi. Also that— though the charitable bequests became invalid by virtue of his dying within one year, his intention was to limit the gift under the so-called residuary clause to whatever balance should remain after they and other charges were taken out of the fund from which they were directed to be paid. The Court further holds—
“There can be no proper application of the rule that a residuary clause carries all the estate of the testator not otherwise lawfully disposed of by the will, including void and lapsed legacies, when a different intention may be fairly drawn from all the provisions of the will.”
To entitle a residuary legatee to the benefit of a lapsed or void bequest, he must be a legatee of the residue generally and not partially so. Where it is manifest from the express words of the will that a gift of the residue is confined to the residue of a particular fund or description of property or to some certain residuum, he will be restricted to what is thus particularly given, since the legatee can not take more than is fairly within the scope of the gift. The rule that a general residuary clause carries whatever is not legally disposed of does not apply to a residuary clause limited by its terms to what remains after the payments of specific legacies; in such case if any of the legacies are void there is another residuum which is undisposed of. It is held in Bane v Wick, 19 Ohio, 328,—
*111 “If the language of the testator, in a residuary clause of his will, will admit of a limited application, as well as one of a more general character, a court of equity will give it that construction which v/ill be most favorable to the heir-at-law.”
While it is quite true, as claimed by the appellee, that this decision brings into the foreground the disposition of a balance arising out of a particular fund, yet, as stated before, there is. much in the case that gives us light as to the proper decision in this matter.
The case of Oglesbee v Miller, 111 Oh St, 426, is also of interest, although it makes a disposition in the residuary clause of all the rest and residue of the testatrix’s property realized from the sale of certain real estate. There the Court holds that the residuary clause disposes only of the proceeds of the real estate and can not be construed as a general residuary bequest. It is also held in the second syllabus that all intestate property passes by virtue of and in accordance with the statute' of descent and distribution, the course of which can be changed only by testamentary disposition.
It is claimed by the appellees that a provision of a will providing for a disposition of a balance coming from a specific property distinguishes the case from the case at bar.
In the case at bar there are 13 items which specifically provide for monetary legacies. We then come to the crucial Item 14,—
“The balance of my estate remaining after paying my debts and charges and the legacies above mentioned I direct shall be divided among the persons or devisees herein in such proportion as the amount devised to such person bears to the said sum so remaining.”
Is such a provision a general disposition of the balance of his entire estate as the same may remain after his death after the paying of his debts and charges and the legacies, or is it a special disposition of the balance which he had in contemplation at the time he made the will after his estate should have been charged with the bequests that he then made? Did he have in contemplation the death of seven of the legatees before his own death? He made special bequests to the several legatees and then provided that out of the balance of his estate, after the payment of those several bequests, there should be a proportionate distribution to the named legatees. He never had in contemplation the purpose of distributing to any of the named legatees a balance that should arise by virtue of a lapsed legacy, but only contemplated the distribution to them of the balance that might remain after a portion of his estate should have been consumed by the payment of all the legacies provided in the other thirteen Items of his will.
To hold that the “balance of my estate” should by virtue of lapsed legacies be increased beyond the amount contemplated by him at the time he made the will would be to write a new and different will for this testator. The language used by Ranney, J., in the early case of Crane v Doty, et al., 1 Oh St, 279, is pertinent.
In the case at bar the testator made a disposition of his property with the purpose of giving certain specific sums and the proportionate portion of what might remain after the giving of those sums and the Court may not say that he in *112 tended to give, by such a provision, a larger amount to the several legatees than would have gone to them provided all had lived to enjoy his bounty. Had he intended tc do this it would have been quite an easy matter for him to have made proper testamentary provision therefor.
We believe that the first syllabus of the case of Davis v Davis, supra, to-wit,—
“When a residuary clause in a will admits of a limited application as well as of one of a more general character, it should be given that construction which will be most favorable to the heir-at-law.”
points to the proper solution of this case.
Judgment of the Probate Court reversed and cause remanded, with instructions to direct the executor to distribute the funds in accordance with this decision, which would result in the balance arising from the lapsed legacies going to Robert Purget, the minor.
BARNES & HORNBECK, JJ., concur.