(No. 36196.

HARRY L. MARSHALL *et al.,* Appellants, *vs.* THE NORTHERN TRUST COMPANY OF CHICAGO, Exr., *et al.,* Appellees.

*Opinion filed May 19, 1961.—Rehearing denied September 20, 1961.*

LENNON, KING & DENNISTON, WERNER W. SCHROEDER, and JAMES E. HASTINGS, all of Chicago, for appellants.

BYE, HERRICK, VETTE, McNEILL & McELROY, HEALY, NEWBY, BARRETT & HEALY, REX MacKENZIE, SIDLEY, AUSTIN, BURGESS & SMITH, and SMITH, JONAS & JONAS, all of Chicago, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This action was filed in the circuit court of Cook County by Harry L. Marshall, Bert Marshall, and William Marshall, certain heirs-at-law of Anna Kushel, deceased, to construe the latter's will and to determine the rights of the heirs to share in her estate. Harry D. Graham, Marshall Walther, and Jane Parrish, being decedent's other heirs-at-law, The Northern Trust Company of Chicago, executor and trustee of the Anna Kushel estate, and the purported trust beneficiaries under the will were made parties defendant. The trial court construed the will as creating a valid trust and, a freehold being involved, plaintiffs have prosecuted a direct appeal to this court.

On February 27, 1951, Frank Kushel, the decedent's husband, executed a last will and testament which provided that certain of his property should pass upon his death to The Northern Trust Company of Chicago, as trustee under what was therein referred to as "Trust B," for the benefit of Anna Kushel, if living, and upon her death for the

beneficiaries named as defendants in the instant case. Some three weeks later, on March 19, 1951, the decedent executed the will now in question which provided, among other things, that the residue of her property should be held by The Northern Trust Company of Chicago upon the same trusts under which the Bank "may at the time of my death be holding the trust estate created by my said husband under his last will and testament and which he has designated as 'Trust B.'" On May 11, 1951, a codicil was prepared adding the words "which said last will and testament was executed on the 27th day of February, 1951." As republished, the applicable portion of decedent's will provided:

"In the event my said husband predeceases me, or if he shall be alive at my death but shall die prior to the expiration of thirty days next succeeding my death, I give, devise and bequeath all of my estate to The Northern Trust Company of Chicago, an Illinois corporation, its successor and successors, in trust, however, on the same trusts, and for the same uses and purposes, and for the benefit of the same persons, and with the same powers and obligations, as those *under which said The Northern Trust Company, as Trustee, its successor or successors in trust, may at the time of my death be holding the trust estate* created by my said husband under his last will and testament *which said last will and testament was executed on the 27 day of February, 1951,* and which in his said will he has designated as 'Trust B,' except, and I so direct, that the trusts and the uses and the beneficiaries and the powers applying to said 'Trust B' in his said will, shall, so far as regards the trust I am now creating, be only those which under the terms of said 'Trust B' are to apply after my death. I direct that in the event said The Northern Trust Company, its successor or successors, become trustee hereunder, then if the trustee deems it advisable, the assets of the trust estate under the trust I am now creating, may be merged for management and investment purposes with the assets of the trust estate under said

'Trust B' created by my husband, and need not be kept intact as a separate fund, in which event the trust estate I am now creating shall be entitled to its proportionate share of the income arising from the merged assets." (Italics added.)

Frank Kushel, by a new will dated September 20, 1955, revoked his 1951 will and thereafter died on July 27, 1956. His wife, Anna Kushel, passed away on June 5, 1957, and her initial will, the codicil thereto, and her husband's 1951 will were subsequently admitted to probate by the probate court of Cook County as decedent's last will and testament. When The Northern Trust declared its intent to administer and distribute the estate according to the husband's 1951 will, the present action was commenced.

The probate court having decided that the husband's 1951 will was incorporated by reference in Anna Kushel's will, the sole question now presented is whether the latter instrument created a valid trust. Plaintiffs contend the trust was to arise only if Northern Trust was, at the time of decedent's death, actually administering the trust specified in Frank Kushel's 1951 will, and since it in fact was not, the trust failed and decedent's assets passed to her heirs as intestate property. On the other hand, defendants maintain that the instant trust was not conditioned upon similar holding of the husband's property.

The cardinal rule of testamentary construction is to ascertain the intention of the testator from an examination of the will as a whole and to give effect thereto unless such intent is contrary to law or public policy. (*Davidson* v. *Davidson,* 2 Ill.2d 197; *Vollmer* v. *McGowan,* 409 Ill. 306; *Knisely* v. *Simpson,* 397 Ill. 605.) The law presumes, particularly where a residuary clause is involved, that a testator intended to dispose of his entire estate by will rather than to die intestate, (*Erwin* v. *Kruse,* 17 Ill.2d 364; *Gridley* v. *Gridley,* 399 Ill. 215,) and unless a contrary intent is clearly expressed, courts will endeavor to reconcile inconsistent or repugnant provisions and adopt any reasonable construc-

tion to this end. (*Cahill* v. *Michael*, 381 Ill. 395; *Glaser* v. *Chicago Title and Trust Co.* 393 Ill. 447; *Halderman* v. *Halderman*, 342 Ill. 550.) In the present case it should be noted that, as initially drawn, decedent's will referred only to a trust "created by my said husband under his last will and testament" but, by codicil, the husband's will was more fully described as that which "was executed on the 27th day of February, 1951," thus negativing any thought that Frank Kushel's "last" will was to control. Although plaintiffs maintain the words "under which said The Northern Trust Company, as Trustee, its successor or successors in trust, may at the time of my death be holding the trust estate" indicate a requirement that said trustee, at Anna Kushel's death, be holding trust property pursuant to the husband's 1951 will, we view these words to be merely descriptive of the particular trust to which reference was made, and even though the explicit provisions of the subsequent codicil reduced the necessity for such language, its retention cannot be construed as a condition. As used in this instrument the word "may" indicates a mere possibility that Northern Trust would be holding the husband's assets under the specified trust at the time of decedent's death, rather than a mandatory requirement. This construction is in accord with decedent's wishes that the trust become effective in the event her husband predeceased her or "shall be alive at my death but shall die prior to the expiration of thirty days next succeeding my death," for such words manifest an intention that the trust should come into being even though Northern Trust did not, at testatrix's death, hold trust assets belonging to the husband. The unqualified bequest of the residuary estate to the trustee and the frequent reference to the trust "I am now creating" also tend to negative the thought that these provisions were to be entirely dependent upon the husband's whim. The complexity of decedent's will indicates considerable planning, and if the requirement contended for by plaintiffs had been desired, it could have been

easily expressed. After carefully examining testatrix's will as a whole, it is our opinion Anna Kushel did not intend that her testamentary provisions should be rendered ineffective by her husband's revocation of his 1951 will, but that her will, as admitted to probate, created a valid trust.

The decree of the circuit court of Cook County so construing the last will and testament of Anna Kushel is therefore affirmed.

*Decree affirmed.*