*In re* ESTATE OF HELEN BRACH (Charles Vorhees, Petitioner-Appellant, v. Everett H. Moore, Co-Ex'r of the Last Will and Testament of Helen Brach, *et al.*, Respondents-Appellees).

First District (1st Division) No. 85—1652

Opinion filed September 22, 1986.—Rehearing denied October 23, 1986.

Thomas J. McDonnell, of Chicago, for appellant.

Donald G. Mulack, of Keck, Mahin & Cate, of Chicago, for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Petitioner, Charles Vorhees, is the brother and sole potential heir of Helen Brach, a person presumed dead (hereinafter referred to as decedent). Petitioner brought this action to construe certain provisions of the decedent's last will and testament. Motions for summary judgment were filed by Everett Moore, co-executor of the will, and by the Attorney General of Illinois, an intervenor in the action. The trial court granted summary judgment in favor of those parties, finding as a matter of law that article III of the subject will was void and that all personal property identified therein should pass according to a residual clause contained in a codicil to the will. The court further found the relevant provisions of the codicil to be unambiguous. We agree, and affirm.

Article III provides:

"*ARTICLE III.* I give all of my person and household effects not otherwise effectively disposed of, such as silver, books, and pictures (including policies of insurance thereon, if feasible) to my Executors. I am confident that my Executors will dispose of the foregoing items in accordance with my wishes which I shall make known to them."

In addition, the codicil provides in pertinent part:

"*ARTICLE IV, B(1).* I give, devise and bequeath all of the residue of my estate and property wherever situated, including lapsed legacies and devises, and expressly including any property over which I now have a power of appointment granted to me by the Will of my late husband, FRANK V. BRACH, to the HELEN BRACH FOUNDATION."

■■ The decedent failed to leave any instructions to her executors, nor did she communicate her wishes to them concerning the dispositions of her tangible personal property before the time that she disappeared and was subsequently pronounced dead. There is no question, therefore, but that article III, which attempted to create a trust for the disposition of such property, failed, and the trial court correctly found such article to be void. (See *In re Estate of Reiman* (1983), 115 Ill. App. 3d 876, 881-82, 450 N.E.2d 928, citing *Wagner v. Clausen* (1948), 399 Ill. 403, 78 N.E.2d 203.) The only issue remaining for determination, then, is whether the void bequest in article III properly passes to the Helen Brach Foundation by way of the residuary clause

or, as petitioner contends, whether such property should pass by way of intestate succession.

The gist of petitioner's argument is that the subject residuary clause is limited in its scope and was not intended by the decedent to encompass the personal property enunciated in article III. Alternatively, petitioner claims that the language of the void article evidences the decedent's clear intent that her personal property should not be distributed as part of her residuary estate. We find neither factual nor legal support for petitioner's contentions.

 █ The cardinal rule of testamentary construction is to ascertain the intention of the testator from the will itself and to effectuate that intention unless it is contrary to some established rule of law or public policy. (*In re Estate of Cancik* (1985) 106 Ill. 2d 11, 17, 476 N.E.2d 738; *Rosenthal v. First National Bank* (1968), 40 Ill. 2d 266, 239 N.E.2d 826.) Further, the law presumes, particularly where a residuary clause is involved, that a testator intended to dispose of his entire estate by will rather than to die intestate (*Marshall v. Northern Trust Co.* (1961), 22 Ill. 2d 391, 176 N.E.2d 807; *Gridley v. Gridley* (1948), 399 Ill. 215, 77 N.E.2d 146), and unless a contrary intent is clearly expressed, courts will endeavor to adopt any reasonable construction to this end (*Marshall v. Northern Trust Co.* (1961), 22 Ill. 2d 391, 394-95, 176 N.E.2d 807).

These rules have consistently been applied to situations such as the instant one, where a testator has, by specific devise, made an incomplete, contingent or conditional disposition of the property (*Williams v. Ivie* (1939), 371 Ill. 355, 20 N.E.2d 796), and courts have found lapsed or void gifts of personal property to fall into a general residuary bequest rather than treating such property as intestate estate descending to the heirs at law (see *Chicago Title & Trust Co. v. City of Waukegan* (1929), 333 Ill. 577, 581-82, 165 N.E.2d 348).

 Finally, we find additional support for such a construction in the instant situation, given the fact that petitioner, who was at the time of the will's execution, and still remains, the sole heir of Helen Brach, was specifically provided for in a separate bequest. This fact, coupled with the plain and unambiguous expression of the decedent's intent in the codicil to devise all of the residue of her estate to the Helen Brach Foundation, mandate the conclusion reached by the trial court.

Judgment affirmed.

CAMPBELL and BUCKLEY, JJ., concur.