*In re* ESTATE OF JAMES TULLY, Deceased (Margaret Glassburn *et al.*, Petitioners-Appellants, v. Lewis Campbell *et al.*, Ex'rs of the Will of James Tully, Deceased, *et al.*, Respondents-Appellees).

Third District   No. 3—87—0580

Opinion filed June 17, 1988.

Alexander L. Haglund, of Sterling, for appellants.

Michael T. Mahoney, of Michael T. Mahoney, Ltd., of Chillicothe, for appellee John J. Wosik.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The testator in this cause, James Tully, executed his last will and testament in March of 1979. In paragraph 2 of the will, Tully devised to his niece, Margaret Glassburn, his residence in Lacon, Illinois, in fee simple "free and clear of any encumbrances whatever including funeral expenses, medical expenses and/or expenses that may be incurred while [Tully is] a resident of St. Joseph's Nursing Home at Lacon, Illinois ***." In paragraph 3 of his will, Tully bequeathed to St. Joseph's Nursing Home (the Home) the following: "Any and all accounts that I may have as savings accounts and/or certificates of deposit for my care and maintenance during my lifetime and upon the condition that in the event that there are insufficient funds that they not place any claim and/or lien against my dwelling house hereinabove mentioned so that the same may be devised to my niece, Margaret Glassburn, in fee simple without any encumbrances." The will contained no residuary clause.

Tully died in November of 1986. His will was admitted to probate in December of 1986. In June of 1987, Tully's heirs at law, the instant petitioners, filed a two-count petition to do the following: (count I) set aside the will; and (count 2) both declare the bequest to the Home null and void and pass the residue of the estate to the petitioners through intestacy. The respondents filed a motion to dismiss both counts. The court dismissed count I without prejudice and dismissed count II with prejudice. The petitioners appeal only from the dismissal of count II.

On appeal, the petitioners argue that Tully intended only that the gift to the Home be limited to the costs of the testator's "care and maintenance during [his] lifetime." The petitioners note that Tully spent only two weeks in the Home prior to his death and incurred expenses of only $203.60. The petitioners contend that Tully never intended that the Home receive the unused remainder of his savings. Rather, the petitioners assert that he wanted the remainder to pass to his heirs at law and that he simply did not anticipate that there would be excess funds after his final medical expenses were paid. The petitioners maintain that as the language in paragraph 3 is ambiguous, this court should go beyond the language of the will, give effect to the testator's true intent, and allow the remainder of the gift to the Home to pass to the petitioners through intestacy.

■ When construing a will, a court is to determine the intent of

the testator and give effect to that intent at the time he executed the will. (*Phelps v. Seeley* (1954), 3 Ill. 2d 210, 119 N.E.2d 923.) In ascertaining that intent, the court should look primarily to the language that is employed in the will, and if that language is plain and unambiguous, the court should not resort to rules of construction. (*In re Estate of Offerman* (1987), 153 Ill. App. 3d 299, 505 N.E.2d 413.) Further, there is a presumption that the testator intended to dispose of his entire estate by will and leave no part as intestate property. *In re Estate of Brach* (1986), 147 Ill. App. 3d 819, 498 N.E.2d 661.

■ From the language of the instant will, it is clear that Tully intended to achieve two results. First, he wanted to insure that the Home would care for him. Second, he intended that his niece would receive his home free and clear of any claims, including those which could be placed on the residence by the Home should he be unable to afford the full cost of his care there. To accomplish those ends, Tully made an outright gift to the Home: his entire savings accounts in exchange for the Home's forbearance from placing a lien on the residence. The plain language of the will does not permit the inference of any other intent.

■ On appellate review from a ruling on a motion to dismiss, we consider whether the complaint alleged facts which sufficiently stated a cause of action. (*Kenworthy v. Young* (1979), 70 Ill. App. 3d 144, 388 N.E.2d 217.) We find that the trial court correctly assessed that count II of the petitioners' petition did not sufficiently state a cause of action.

Accordingly, the judgment of the circuit court of Marshall County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.