### SARAH D. CONDIT v. ANNA L. DE HART ET AL.

Submitted December 14, 1897—Decided June 13, 1898.

D., by his will, devised his residuary estate to his son H. By a codicil he afterward authorized his said son to dispose, by his will, of said residuary estate, and then devised and bequeathed the same to such person or persons as his son should designate and appoint by his will as those to whom he desired it to go. H. died before the testator, leaving a will in which, after reciting the power of appointment contained in the codicil to his father's will, he designated his wife, A., as the person to whom the estate should go. *Held,* that while the power of appointment could not be executed by H. during the donor's lifetime, and that therefore his will was not a good execution of it (because he could not by his will make a valid disposition of property which was wholly and absolutely in the ownership and control of another), yet that the devise contained in the codicil to the testator's will, to such person or persons as H. should designate in his will, operated to pass the estate and that the will of the latter could be referred to for the purpose of ascertaining the personality of the testator's devisee.

---

In ejectment. On case certified from the Essex Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, GUMMERE and LUDLOW.

For the plaintiff, *James E. Howell.*

For the defendants, *John Whitehead.*

The opinion of the court was delivered by

GUMMERE, J.  Charles A. De Hart, by his will, dated April 15th, 1889, after certain bequests, gave his residuary estate to his son, Henry C. De Hart.  On May 9th, 1891, he executed a codicil to his will in which, after reciting the residuary gift, he proceeded as follows: "I do now fully authorize and empower my said son, Henry C., to make disposition of the said real and personal estate or of any part and parcel thereof so given, devised and bequeathed to him, by his last will and testament duly made and executed by him at any time; and whatever disposition my said son shall make of said real and personal estate or any part thereof by his said last will and testament I do hereby ratify and confirm.  And I do hereby give, devise and bequeath the said real and personal estate so given, devised and bequeathed by me to my said son to such person or persons as my said son in and by his said last will and testament shall name, designate and appoint as the person or persons to whom he desires the said real and personal estate or any part thereof shall go or be given."

Henry C. De Hart (the son) died on December 31st, 1891, leaving a will, by which, after reciting the codicil to his father's will, he designated and appointed his wife, the defendant Anna L. De Hart, as the person to whom he desired the said residuary estate of his father to go, and then devised the whole thereof to her.

After his son's death, and on June 11th, 1892, Charles A. De Hart executed a second codicil to his will, in which he said, referring to the first codicil herein above recited, " which codicil I do now, in all respects, ratify and confirm." He died on July 2d, 1894, and this action is brought to determine the title to the residuary real estate of which he was seized at his death.  The plaintiff, Sarah D. Condit, who is his daughter and only surviving heir-at-law, claims that both the residuary devise contained in his will, and the power of appointment contained in the first codicil thereto, lapsed by the death of the testator's son, Henry C., in his lifetime, and,

further, that the second codicil to the will does not amount either to a ratification of the attempted exercise of the power of appointment by Henry C. by his will, or of a devise of the land to the person appointed by Henry, and that consequently her father's residuary estate descends to her as his sole heir-at-law. The defendant Anna L. De Hart, on the other hand, insists that her husband's will was a valid execution of the power of appointment conferred upon him by the will of his father, and that she, as the appointee designated by him, is the owner of said residuary estate.

The case is certified to this court for an advisory opinion on the question whether the plaintiff, as heir-at-law of Charles A. De Hart, is entitled to possession of the portion of his residuary real estate which is involved in this suit. We are also asked to advise whether it was competent to permit the defendants to prove, by parol evidence, that, at the time of the execution of the last codicil to his will, Charles A. De Hart knew that his son, Henry, had made the will above mentioned and was familiar with its contents.

The purpose of the testator, in making the first codicil to his will, is too plain to be misunderstood. He knew that, by force of his will, his son would become the absolute owner of his residuary estate at his death, in case he outlived him. He knew also that, although by the laws of nature his son was likely to survive him, he might not do so. The object of the codicil was to prevent the gift of the residuary estate from lapsing in case of the prior death of the son, and to insure its going to the same person or persons who would have received it, at the son's death, if he had survived the testator and thereby become its absolute owner. In no other way can the provision of the codicil be reconciled with the previous absolute disposition of the property contained in the will itself.

Although the intention of the testator is manifest, yet it must be conceded that the son could not, during the lifetime of his father, execute the power of appointment conferred upon him, for he could not, by his will, make a valid dispo-

sition of property which was wholly and absolutely in the ownership and control of another. The claim of the defendant Anna L. De Hart, therefore, to be entitled to the lands in dispute by force of the devise contained in the will of her husband, cannot be sustained.

· But, while it is true that her husband's will is inoperative to pass any portion of his father's residuary estate, the defendant is, nevertheless, entitled to hold the same as the devisee of the father himself. The latter, apparently for the purpose of making it certain that his intention should prevail, not only bestowed upon his son the power to appoint to his residuary estate, but supplemented this provision of the codicil with an express devise of that estate to the person or persons whom his son might designate by his will as the ones to whom said estate should go, and, not content with this, he took the additional precaution, after his son's death, of reiterating, by a second codicil, his intention with regard to the effect which the first codicil should have in passing his estate. The son having died in the lifetime of the father, the will of the former, although not transferring the father's residuary estate by an appointment, is to be referred to for the purpose of ascertaining the person to whom that estate passes by the father's will. The latter instrument effectuates what the son attempted to do but could not do by his own will. *In re Piffard,* 111 *N. Y.* 410.

And this is so without regard to whether or not the father knew who had been designated by the son, in his will, as the person whom he desired to succeed to the father's residuary estate in the event of his dying first. The privilege of naming the beneficiary to whom the father's estate should go was unlimited, and did not depend for its validity upon the son's choice being communicated to the father. It consequently was not necessary for the defendants to prove the existence of such knowledge on the part of the father to entitle them to judgment.

The Circuit Court is advised that the testimony referred to in the second question certified was immaterial, and that, on

the first question certified, our opinion is that the plaintiff is not entitled, as heir-at-law of Charles A. De Hart, to the possession of the premises which are the subject-matter of this litigation.