(137 So. 661)

FITZGERALD v. ROGERS.
2 Div. 984.

Supreme Court of Alabama.
Nov. 19, 1931.

Clifton C. Johnston, of Marion, for appellant.

W. T. Harris, of Marion, for appellee.

GARDNER, J.·

No dissent was interposed by the widow or any one in her behalf (sections 10593–10596, Code,· 1923) to the will of R. H. Fitzgerald, who died in May, 1928. Exemptions allowed have been set aside without contest. Crownover v. Crownover, 216 Ala. 286, 113 So. 42. There were no children, and the widow seeks her distributive share of the estate, consisting of a few thousand dollars now in the hands of the executor. Her right thereto depends upon a proper construction of the will of her husband, which reads as follows:

"I, R. H. Fitzgerald, on this the 24th day of July 1917, do hereby indite this my last will and testament,· to-wit:

"To Dorothy Fitzgerald the little orphan girl I have raised I do hereby bequeath all my estate both real and personal including my life insurance policy in the Mutual Life of New York No. of said policy being No. 374961.

"The said Dorothy Fitzgerald to care for my wife, Mattie E. Fitzgerald till the death of said Mattie E. Fitzgerald as I know she would do to the best of her ability.

"Provided however, that if it becomes necessary to again commit my poor wife Mattie E. Fitzgerald to the asylum, where I have so often had to take her, the said Dorothy Fitzgerald shall by due process of law again commit her, she Dorothy Fitzgerald being relieved from further responsibility of caring for said Mattie E. Fitzgerald. ·

"I hereby appoint T. Irby.Pope as my executor without bond or assurance.

"Given under my hand and seal this the 24th of July, 1917.

"R. H. Fitzgerald [Seal.]
"Witness:
"D. K. Mason
"J. F. Evins."

If by said will provision was made for her, then she has lost her right to such share; the concluding sentence of section 10593 of the Code reading: "If the will makes no provision for her, she may claim her dower and distributive share without dissenting from the will." Upon due consideration we are in accord with the ruling of the court below to the effect that the will did make such provision.

The argument to the contrary is to the effect that the will contains mere precatory words, recommendations, or expressions of confidence in the devisee, which are not to be construed as of an imperative character. Such character of wills as here presented has been the subject of much discussion by the courts, producing a contrariety of opinion. Numerous cases are found cited in the note to In re Hochbrunn, 49 A. L. R. 12 et seq.,

a review of which is here impracticable. The author of the note has well expressed the generally accepted rule in the following language: "In order to create a trust, it is not necessary that the word 'trust' be used; nor is it necessary that the testator should have had in his mind the idea of a trust eo nomine. It is sufficient if he intended that his will should follow the property after his death, and imperatively control or limit its use." And in Colton v. Colton, 127 U. S. 300, 8 S. Ct. 1164, 1170, 32 L. Ed. 138, the following quotations therein approved are here pertinent: " 'All the cases upon a subject like this,' * * * 'must proceed on a consideration of what was the intention of the testator.' * * * 'The point really to be decided in all these cases is whether, looking at the whole context of the will, the testator has meant to impose an obligation on his legatee to carry his express wishes into effect, or whether, having expressed his wishes, he has meant to leave it to the legatee to act on them or not at his discretion.' * * * According to its context and manifest use, an expression of desire or wish will often be equivalent to a positive direction, where that is the evident purpose and meaning of the testator." Answering the argument in that case, that the trust was incapable of enforcement by reason of the uncertainty as to the form and extent of the provision intended and involved the exercise of discretionary power on the part of the trustee, the court said: "We have seen that whatever discretion is given by the will to the testator's widow does not affect the existence of the trust. That discretion does not involve the right to choose whether a provision shall be made or not; nor is there anything personal or arbitrary implied in it. It is to be the exercise of judgment directed to the care and protection of the beneficiaries by making such a provision as will best secure that end. There is nothing in this left so vague and indefinite that it cannot, by the usual processes of the law, be reduced to certainty. * * * But it is always for the court eventually to say, when called upon, whether the discretion has been either exercised at all, or exercised honestly, and in good faith." Other authorities may be found cited in the notes to Underhill on the Law of Wills, § 792; 28 R. C. L. § 209. In our own jurisdiction the cases of Ellis v. Ellis' Adm'r, 15 Ala. 296, 50 Am. Dec. 132, and McRee's Adm'rs v. Means, 34 Ala. 349, are more nearly in point.

But, as the pole star of construction is the intention of the testator, each case must necessarily turn upon its own facts and circumstances and the peculiar wording of the will under consideration. Construing the present will, the surrounding facts and circumstances are properly to be considered. Testator had married but once and never had a child. He and his wife "adopted" an orphan girl when 8 years of age and raised to mature womanhood, though there was no legal adoption. They changed her name to Dorothy Fitzgerald, and, having married, she is now known as Dorothy Fitzgerald Rogers. These three constituted testator's family circle when the will was executed. His wife had often previously been committed to the hospital for the insane, but, we gather from the record, was at that time at his home. While the will discloses testator's love for and confidence in the "adopted" daughter, yet it also shows that he was solicitous as to the care and welfare of his widow. As it appears in this record, the clause containing the gift to Dorothy is immediately followed (unseparated by any punctuation mark) by the clause imposing the duty of care upon said Dorothy as to his wife. We think the language, "The said Dorothy Fitzgerald to care for my wife," may very properly be read as if it contains the word "is" immediately preceding the words "to care." There was no mere request or expression of desire, but we think the language is properly to be construed as reading: "The said Dorothy Fitzgerald is to care for my wife." The concluding words, "as I know she would do to the best of her ability," we think rather add to than detract from the imperative nature of the clause. But the succeeding paragraph adds further proof, as it expressly shows testator's understanding that Dorothy did have the responsibility of caring for his wife by providing a contingency upon which such responsibility should be removed; that is, by her commitment to the insane hospital "by due process of law." It was evidently his view that upon such contingency he would let his wife be cared for by the state in its institution for the insane, and thereby relieve Dorothy of further responsibility in the matter. The language of the will as to the care of his wife is to be properly construed as imperative and as imposing upon Dorothy Fitzgerald the positive duty, and that she took the estate subject to a trust in favor of the care and support of testator's widow so long as necessary under the terms of the will. The will was executed several years prior to testator's death.

■ It had become necessary for testator to again commit his wife to the hospital for the insane, where she remained at the time of his death. It is argued that this fact relieved Dorothy of all responsibility for her care, and that, as to the matter of effect and operation of a will, it speaks from the date of the death of the testator (40 Cyc. 1424, 1425; Blakeney v. Du Bose, 167 Ala. 627, 52 So. 746), there was therefore no provision for the wife in the will at that time. But we think the argument overlooks the express language of the will to the effect that such commitment must be by "due process of law," and we do not construe the language

as indicating a release of Dorothy from her responsibility in the premises merely because the testator himself had before his death found it necessary to again return his wife to the hospital, as he had done on numerous previous occasions.

The words "by due process of law" found in the will are not to be ignored, and we are of the opinion that, notwithstanding the wife was in the hospital at the time of testator's death, yet Dorothy's responsibility under the will continued until she was in fact committed "by due process of law."

The testator having thus by his will charged his estate with a trust for the proper care of his wife, to be removed only upon a contingency which had not occurred at the time of his death, it cannot be said that the will contained "no provision" for her, and of consequence a dissent therefrom, as provided by our statute, was essential for the recovery of her distributive share of the estate.

The decree is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.