177 So.2d 808

Eleanor Chase MASTIN et al.

v.

**FIRST NATIONAL BANK OF MOBILE, etc., et al.**

1 Div. 253, 253–A.

Supreme Court of Alabama.

Aug. 5, 1965.

254

Thornton & McGowin, Mobile, for appellants.

Lyman F. Holland, Jr., Chas. B. Arendall, Jr., Geo. E. Stone, Jr., Inge, Twitty, Duffy & Prince, Ralph Kennamer and Vincent F. Kilborn, Mobile, for appellees.

MERRILL, Justice.

These appeals are from decrees construing the wills of Dr. William McDowell Mastin, deceased, and of his unmarried daughter, Zemma Crawford Mastin, deceased. The reporter will include certain designated items from these wills in the report of the cases.

The appellants here are the widow and children of Dr. Mastin's nephew, Edward Vernon Metcalfe Mastin, the devisee mentioned in Item Twenty-Second of his will. The appellees are the executor Bank, certain devisees, legatees and next of kin.

The First National Bank of Mobile, as executor of the wills of Dr. Mastin and his daughter Zemma, filed a bill of complaint praying that the court interpret and determine the validity and meaning of Items Ninth and Twenty-Fourth of Dr.

Mastin's will, and Articles Second and Twelfth of Zemma's will, in order that the executor "may administer the wills of Dr. Mastin and Zemma Mastin in such a manner as to effectuate the true intentions of both testators." This bill was filed on December 14, 1962, and after appropriate pleadings, a hearing was had in April and May, 1964, and the final decrees in 1 Div. 253 and 1 Div. 253–A were rendered on June 30, 1964.

We consider first the decree in 1 Div. 253–A because a determination of the validity of the City of Mobile trust, a part of that decree, will also be determinative of appellants' status and claims because that trust consists of the residue of both the estates after the payment of all other devises. The decree also holds valid a $100,000 Rotary Club trust, but we defer discussion of it until later.

The pertinent parts of the decree in 1 Div. 253–A are that Dr. Mastin died on February 3, 1933, leaving his widow and one adult, unmarried daughter Zemma; that his will was duly probated; that Zemma and First National Bank of Mobile were appointed executors under the will; that the widow died intestate in December, 1938, and Zemma died testate on July 6, 1962, leaving no lineal descendants surviving her; that all of Dr. Mastin's property was not disposed of by his will, but under the laws of intestacy, became vested in his daughter Zemma and, upon her death, became a part of her estate; and that "Item Twelfth of the last Will and Testament of the said Zemma C. Mastin establishes and creates a valid trust for the use and benefit of the respondent City of Mobile to consist of the net remainder and residue of the estate of Miss Mastin, real, personal and mixed, after providing for the charitable bequest referred to in Paragraph 2 above (The Rotary Trust) and the specific bequests provided for in her said Will and the Codicils thereto, and the payment of the costs of administration of this proceeding, including the attorney's fees hereinafter set forth, and it is hereby

directed that said trust fund shall be used for the purpose of carrying out the terms and conditions of said trust for the use and benefit of the Respondent City of Mobile as expressed in Item Ninth of the Will of Dr. Mastin and Item Twelfth of the Will of Zemma Crawford Mastin, deceased, which fund shall be administered in accordance with the terms and provisions of said Items Ninth and Twelfth for the purpose of constructing and completing one and the same building under the terms provided for in the respective Items of the Wills of the two decedents, and in view of the fact that the City of Mobile, Alabama, has already constructed a public auditorium in said City of Mobile, the said remainder shall be applied to the erection of an important building in the City of Mobile, Alabama, and that, in compliance with the above referred to respective Twelfth Item of her said Will, this Court does hereby name and appoint a committee of three prominent businessmen of the City of Mobile, namely, W. L. Hammond, J. Finley McRae and Cabell Outlaw, Jr., to act with the said The First National Bank of Mobile jointly in carrying out the said provisions of the said Wills with respect to determining the character or form of the said important building in the City of Mobile, Alabama; PROVIDED, HOWEVER, THAT THE NAMED COMMITTEE, together with the First National Bank of Mobile, Alabama, shall report to the Circuit Court of Mobile County, Alabama, of its determination or selection of the important building to be erected, but such consultation or other activity shall be exclusive of this Final Decree, and shall in no way affect the status of this Decree as being final."

Appellants assigned as error the holding that the trial court erred in failing to hold that the residue of Zemma's estate was undisposed of by her will; and that Item Twelfth of Zemma's will created a valid trust for the use and benefit of the City of Mobile.

Dr. Mastin was a successful physician practicing in Mobile. He and his wife had

three children. A son died at the age of nine in 1892, and a daughter aged five died in 1893. Zemma, the other daughter, never married and survived both her parents.

At Dr. Mastin's death in 1933, his estate was worth about $285,000. Zemma had an estate in her own name worth over $174,000 prior to the time Dr. Mastin made his will. The bequests in Item Seventeenth and other small bequests were paid in 1933, and the bequests to Spring Hill College, $15,000, (Item 16), and the University of Pennsylvania, $10,000, (Item 25), were paid in 1936, but after these payments his estate was worth over $350,000. In April, 1964, both estates aggregated over $750,000.

During the life of Dr. Mastin's widow, she and Zemma never did anything about effectuating Item Twenty-Fourth of his will, and after the widow's death, his executors, Zemma and the First National Bank of Mobile, did not get past the discussion stage. Subsequent to Zemma's death, the bill in this cause was filed by the Bank seeking a construction of both wills. The contested sections are ambiguous and the surviving executor was well advised in seeking a construction of the will.

At the conclusion of the hearing, the beneficiaries under the contested items, City of Mobile, Providence Hospital and the Rotary Group, through their attorneys, entered into a stipulation to the effect that, so far as they were concerned, the trial court could enter a decree that the Rotary Trust under Item Second of Zemma's will would be recognized in the amount of $100,000; that a trust under Item Twenty-Fourth of Dr. Mastin's will be recognized to Providence Hospital in the amount of $50,000, and that the trust in the amount of the residuary estate of both Dr. Mastin and Zemma Mastin be recognized in favor of the City of Mobile for that balance.

We approach the questions to be decided with certain principles that are settled in this state:

(1) The intention of the testator is always the polestar in the construction of wills, and the cardinal rule is to ascertain the intention of the testator and give it effect if not prohibited by law. Betts v. Renfro, 226 Ala. 635, 148 So. 406; O'Connell v. O'Connell, 196 Ala. 224, 72 So. 81.

(2) The intention of the testator may be ascertained not only by the writing itself, but from the light of attending facts and circumstances. Wiggins v. Wiggins, 241 Ala. 333, 2 So.2d 402; Patterson v. First National Bank of Mobile, 261 Ala. 601, 75 So.2d 471, and cases there cited.

(3) And in arriving at that intention, the court should consider the instrument as a whole. Wilson v. Skelton, 262 Ala. 504, 80 So.2d 633; Smith v. Nelson, 249 Ala. 51, 29 So.2d 335.

(4) In construing a trust created by a will, where the trust is susceptible to more than one construction, the court will favor that interpretation of the will which will make the trust valid and effective. Ramage v. First Farmers & Merchants Nat. Bank of Troy, 249 Ala. 240, 30 So.2d 706; Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726.

(5) Charitable trusts are especially favored in equity, and all reasonable intendments, consistent with the terms and purpose of the gift, will be made in support of their validity. Sparks v. Woolverton, 210 Ala. 669, 99 So. 102; and courts of equity "will sustain them by the application of the doctrine of equitable approximation, if need be." Noble v. First National Bank, 236 Ala. 499, 183 So. 393; Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835.

We think there can be little question but that Dr. Mastin intended to provide for the care and maintenance of his wife and daughter, and that he thought there would be more than enough property to do this, and that there would be enough over and above that care and maintenance, and the special bequests he had made, to provide a wing, bay or "pavilion" for Providence Hospital, where he preferred to practice, to

provide a fund for helping the Rotary Club in its work for crippled children, and to leave what was left for a building for the use of the City of Mobile.

Zemma Mastin's will likewise reflects an intention to carry out the provisions of her father's will which she and the other executor, First National Bank of Mobile, had never effectuated.

We do not understand that appellants contest these evidenced intentions, but that the words Dr. Mastin and his daughter used in their wills failed to effect their intentions.

We revert to appellants' assignment of error that the court erred in failing to hold that the residue of Zemma's estate was undisposed of by her will.

It should be borne in mind that Zemma had made other bequests of both small and substantial sums before she reached Item Twelfth of her will, which either did or did not dispose of the residue of her estate.

There is no equivocation in the words of finality used. She directs that "the remainder and residue of my estate, real, personal and mixed shall be held by the First National Bank of Mobile" on certain terms; and later in the item she says, "it being my intention that said remainder and residue of my estate, together with that of my Father's estate, shall be used in the construction and completion of one and the same building" as provided in Item Ninth of Dr. Mastin's will.

■ In order to create a trust, it is not necessary that the word "trust" be used; nor is it necessary that the testator should have in his mind the idea of a trust by that appellation. It is sufficient if he intended that his will should follow the property after his death, and imperatively control or limit its use. Fitzgerald v. Rogers, 223 Ala. 576, 137 So. 661, 5 Page on Wills, § 40.4.

We have approved language that three things are necessary to create a power in the nature of a trust: (1) there must be certainty in the subject; (2) there must be certainty in the object; and (3) the power must be imperative. Baker v. Wright, 257 Ala. 697, 60 So.2d 825[14]. In the instant case, (1) the subject is certain, being the residue of Zemma's estate; (2) the objects are certain as a class, the people in the City of Mobile; (3) the very language used shows that it is imperative, as the word "imperative" is used and understood in our quotation from 80 A.L.R. 504–505, in Baker v. Wright, 257 Ala. 697, 60 So.2d 825.

■ We conclude that the trial court correctly held that Zemma Mastin did not die intestate as to any part of the remainder and residue of her estate.

■ That brings us to the assignment of error that the court erred in holding that Item Twelfth of Zemma's will created a valid trust for the use and benefit of the City of Mobile.

Involved here are Item Ninth of Dr. Mastin's will and Item Twelfth of Zemma's will. Item Ninth never became effective because the condition, that his widow outlive his daughter, never occurred. But Item Ninth does show Dr. Mastin's intention as to the disposition of the remainder of his estate if Zemma died before his widow and he had no lineal descendants. He was concerned with the remainder and residue of his estate.

We do not understand that appellants contest the finding of the trial court that the remainder and residue of Dr. Mastin's estate was not disposed of by will, but passed to Zemma, his only child, and at her death, became a part of her estate.

Then Zemma, in Item Twelfth of her will, realizing that there would be a substantial remainder and residue in her estate at her death after the payment of various bequests she made, looked back to her father's recorded will and adopted the plan of her father as stated in Item Ninth of

his will to dispose of the balance and residue of her estate.

We concede that her will shows that she considered that the residue of her father's estate was separate from hers and this is demonstrated in the four references to the remainder "of my Father's estate" in Item Twelfth of her will. But she had already inherited the remainder of her father's estate and the remainders of both estates were hers to do with as she saw fit. And she saw fit to adopt the same plan her father had outlined in Item Ninth of his will.

This reference to her father's will is permissible because we have held that any paper incorporated by reference in a properly executed will and identified by clear and satisfactory proof as the paper referred to, takes effect as part of the will. Arrington v. Brown, 235 Ala. 196, 178 So. 218, and cases there cited.

■ Appellants argue that "a building equally important as a public auditorium is not a charitable use." This is in connection with the use of the money in Item Ninth of Dr. Mastin's will "for the purpose of constructing a public auditorium or other equally important building in the City of Mobile."

A public auditorium had already been built in Mobile and appellants argue that any "other equally important building" made it a private and not a public trust. We cannot agree.

We think the word "public" is descriptive of the word "auditorium" and the word "building" and shows a clear intention that if an auditorium is not built then some other public building shall be built in accordance with the agreement of the executor Bank and the "three prominent businessmen" appointed by the court.

The rule for charities was set out in Johnson v. Holifield, 79 Ala. 423:

"* * * A charity, in the legal sense, may be more fully defined as a gift,

to be applied consistently with existing laws, for the benefit of an indefinite number of persons, either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves in life, *or by erecting or maintaining public buildings or works,* or otherwise lessening the burdens of government. * * *" (Emphasis supplied.)

Restated in Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835. And Restatement, Second, Trusts, § 368, says: "Charitable purposes include * * * (e) governmental or municipal purposes; (f) other purposes the accomplishment of which is beneficial to the community."

We hold that the erection of a public building in the City of Mobile for the benefit of the city is within our definition of charities and is an apt purpose for a charitable trust.

■ Appellants also argue that even if we hold this to be a charitable trust, it is void for want of a clearly defined class of beneficiaries.

Item Ninth provides that the property shall be held by the trustee Bank "for the benefit of the City of Mobile, Alabama for the purpose of constructing a public * * * building in the City of Mobile, * * *." We hold, under the authority of Mayor and Aldermen of Huntsville v. Smith, 137 Ala. 382, 35 So. 120, that the bequest is not void for uncertainty.

■ Appellants argue that even if we hold the trust to be charitable, it is still void because it violates the rule against perpetuities and because the second paragraph of Item Twelfth is in violation of the statute against accumulations, Tit. 47, § 146, Code 1940, which provides in pertinent part:

"No trust of estate for the purpose of accumulation only can have any force

or effect for a longer term than ten years, * * *."

The rule against perpetuities is not concerned with the time the estate begins, but only with its vesting. Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835; Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726. The first sentence of Item Twelfth of Zemma's will vested the residuary estate in the First National Bank of Mobile immediately for the construction of a public building for the benefit of the City of Mobile. The three individuals to advise the trustee have been appointed by the court and it is clear that there are to be no accumulated earnings unless the trust estate "be not sufficient to complete worthily such building." That condition presents no problem in the instant case. Moreover, the rule against perpetuities, Tit. 47, § 16, Code 1940, does not affect "a trust for charities so long as the property vests in the trustee immediately, even though its charitable use may be postponed." Thurlow v. Berry, 247 Ala. 631, 25 So.2d 726.

The holdings in Thurlow v. Berry, supra; Henderson v. Troy Bank & Trust Co., 250 Ala. 456, 34 So.2d 835, and Tumlin v. Troy Bank & Trust Co., 258 Ala. 238, 61 So.2d 817, discuss fully the question of accumulations and the rule against perpetuities as related to charitable trusts and it suffices to say that those authorities show that the charitable trust in this case is not void for either of the reasons urged.

Able counsel for appellants opened and closed his oral argument with the proverb that "The end does not justify the means." We have not sought to reach an end by any means and we do not think the trial court sought so to do. Since 1862 (Williams v. Pearson, 38 Ala. 299), this has been the rule:

"In Alabama, charitable donations are so far exempted from the rules applicable to other trusts that it is not necessary to their validity that there should be a grantee or devisee capable of taking or holding by law, or that there should be a cestui que trust so definitely described as to enable a court of equity to execute the trust upon its ordinary principles.

"When an ascertainable object, recognized as charity, is designated by the donor in general or collective terms, the gift or legacy will be upheld by a court of equity in this state." Tumlin v. Troy Bank & Trust Co., 258 Ala. 238, 269, 61 So.2d 817, 847. This continues to be the law in this state.

Other assignments of error in this case are concerned with the $50,000 bequest in Item Second of Zemma's will and the $50,000 bequest in Item Twenty-Fourth of Dr. Mastin's will for a memorial to his two deceased children, the income from which Zemma bequeathed to the Rotary Club of Mobile for its work with crippled children.

Appellants agree that a valid trust of $50,000 was set up in Zemma's will, but argued that the $50,000 provided for in Dr. Mastin's will was void, and that Zemma's will only provided for a valid bequest of $50,000 instead of $100,000.

There is no need to discuss the various legal points raised as to the Rotary Trust. Having already decided that the remainder and residue of Dr. Mastin's estate passed to Zemma, and the remainder and residue of her estate passed to the City of Mobile, appellants have no valid claim to it and any dispute over the $50,000 involved in this feature of the case would be between the City of Mobile and other named legatees.

But any probable dispute between the City of Mobile and the other legatees has been settled. This settlement was effected by the stipulation referred to supra, that the court could enter a decree that the Rotary Trust was $100,000, that the trust in favor of Providence Hospital amounted to $50,000, and the trust in the amount of the remainder was to be recognized in favor of the City of Mobile.

This procedure was and is appropriate. In Thorington v. Hall, 111 Ala. 323, 21 So. 335, this court approved a construction and interpretation of the will in question in which all the interested beneficiaries joined, even to the extent of agreeing that certain words in the will be considered as omitted.

Since appellants have no right to any funds in either estate involved in this case, the decree in 1 Div. 253–A is affirmed.

Affirmed.

### 1 Div. 253

The decree in this case held that Item Twenty-Fourth of Dr. Mastin's will validly created a memorial in the nature of a charitable bequest in the sum of $50,000 to be used as determined by Providence Hospital.

Since we reached the result stated in 1 Div. 253–A, any dispute over this $50,000 is between the City of Mobile and Providence Hospital and that prospective dispute was settled by the stipulation. It results that as between the parties before this court, the decree in 1 Div. 253 should be, and is, affirmed.

Assignments of error in both this case and 1 Div. 253–A charged error in the allowance of attorneys' fees to the attorneys for the City of Mobile, the Rotary Club, the Providence Hospital and to counsel for appellants.

Since we have held that appellants have no interest in the funds out of which the fees will be paid, we are constrained to hold that, as to them, the question is purely abstract and will not be decided.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, COLEMAN and HARWOOD, JJ., concur.