234 So.2d 42

**The FIRST NATIONAL BANK OF BIRMINGHAM, a Corporation, as Trustee under the Last Will and Testament of Clarence A. Leslie, deceased, and as Executor under the Last Will and Testament of Clarence A. Leslie, deceased et al.**

v.

**Crockett KLEIN and Sarah Jane Wilson.**

**8 Div. 335.**

Supreme Court of Alabama.

April 2, 1970.

Rehearing Denied April 30, 1970.

Bradley, Arant, Rose & White, Robert B. Donworth, Jr., Birmingham, Ford, Caldwell, Ford & Payne, Huntsville, for appellant.

Griffin & Griffin, Huntsville, for appellees.

MADDOX, Justice.

This is a will contest. The testatrix, Maude M. Leslie, died on February 24, 1965, leaving a last will and testament executed on January 21, 1953. The testatrix executed a codicil to her will in 1956, which is not pertinent here, and a second codicil in January, 1963. . The second codicil is the subject of this contest.

The testatrix initially left one-third of her residuary estate to each of her three sons, William H. Leslie, Clarence A. Leslie, and Robert M. Leslie, Jr.

Item II–B of her 1953 will reads:

"B. I give, devise, and bequeath a one-third (⅓) undivided interest of my residuary estate to my son, Clarence A. Leslie, absolutely and in fee simple."

The second codicil changed the distribution to Clarence A. Leslie and reads, in part:

"WHEREAS, by Item II, paragraph B, I bequeathed a one-third undivided interest of my residuary estate to my beloved son, Clarence A. Leslie, absolutely and in fee simple: Now, I hereby change Item II, paragraph B, to be modified and changed to read as follows:

" 'I give, devise, and bequeath a one-third undivided interest of my residuary estate to my beloved son, Clarence A. Leslie, and in the event he should predecease me, I give, devise and bequeath said one-third undivided interest of my residuary estate to the residuary legatees and the residuary beneficiaries of his estate under his last will and testament.' "

Clarence predeceased his mother by some 17 months and his will was admitted to probate. Under the terms of Clarence's will, his residuary estate was given to appellant, The First National Bank of Birmingham, as trustee. Under the trust, Clarence's second wife, Juanita Leslie, was entitled to the income of the trust and could invade the corpus. Upon the death or remarriage of Juanita Leslie, the trust was to be divided into equal parts—one share to each of Clarence's two daughters by a previous marriage, Sarah Jane Wilson and Allie Crockett Klein, and to their lineal descendants if they should be dead.

The children of Clarence's first marriage, Sarah Jane Wilson and Crockett Klein, contested Maude Leslie's will and are the appellees here. They contend that the second codicil executed by their grandmother, Maude Leslie, was void and inoperative for uncertainty, or was void for patent ambiguity, apparent on its face. They also claimed that their grandmother lacked testamentary capacity at the time the second codicil was executed. The question of testamentary capacity is not before us, the trial court having severed the issues under Equity Rule 15. The trial was upon the issue of whether or not the second codicil was null and void for uncertainty or null and void because of patent ambiguity.

The First National Bank of Birmingham contended in the trial court and here that the one-third share of Maude's residuary estate, under the terms of the second codicil, became a part of the trust estate created by Clarence under his will, subject to the terms and conditions set out in the testamentary trust. The trial court did not agree with the bank, and said that to do so "would require the Court to read into the codicil an *intention to create a trust* which is not apparent from the wording or from the testimony considered by the Court." (Emphasis ours)

The court further found:

"* * * There is no devise to a 'Trustee' or 'In Trust', or other wording from which a Trust may be implied. There is no wording such as 'according to the provisions' or 'according to the terms' of the residuary clause of Clarence A. Leslie's will. These facts are self-evident even if the reference in the codicil is legally sufficient to identify the aforesaid will of Clarence A. Leslie as the extrinsic document referred to in said codicil, and sufficient to identify the 'residuary legatees and the residuary beneficiaries' intended by said codicil. * * *. The Court therefore finds that said codicil does not show an intent on the part of the Testatrix to incorporate the terms of Clarence's Testamentary Trust into her Will. In reaching the conclusion, the Court has considered the legal testimony offered at the hearing by the parties. From the testimony considered by the Court concerning the admissible facts and circumstances surrounding the execution of the codicil, the Court finds no authority for supplying any intentions of the Testatrix or omissions from the wording of the codicil to reach a result contrary to the above expressed finding."

 As we said in Mastin v. First National Bank of Mobile, 278 Ala. 251, 177 So.2d 808 (1965), certain principles governing the construction of wills in this state are settled. They are:

(1) The intention of the testator is always the polestar in the construction of wills, and the cardinal rule is to give it effect if not prohibited by law.

(2) The intention of the testator may be ascertained not only by the writing itself, but from the light of attending facts and circumstances, and,

(3) In arriving at that intention, the court should consider the instrument as a whole.

 A will should also be construed to uphold rather than defeat devises and bequests. Willis v. Barrow, 218 Ala. 549,

119 So. 678 (1929). The law presumes, particularly where a residuary clause is involved, that the testator intended to dispose of his entire estate by will rather than die intestate, and unless a contrary intent is clearly expressed, courts will endeavor to reconcile inconsistent or repugnant provisions and adopt any reasonable construction to this end. Marshall v. Northern Trust Co. of Chicago, 22 Ill.2d 391, 176 N.E.2d 807 (1961).

■ Our statutes require certain formalities for wills, and are in the nature of statutes of frauds, and only such documents as meet the requirements of our statutes will be admitted to probate. But frequently, as here, a testator will make reference to extrinsic documents or other facts, both past and future. It was not until the enactment of the Statute of Wills providing certain formalities that problems relating to the effect of extrinsic documents upon a will were encountered. Only with the enactment of the statute requiring certain formalities did considerations of "incorporation by reference" and "independent legal significance" become pertinent. Therefore, where statutes of wills have been enacted, some courts have provided certain "escape devices" in order to give effect to the intention of the testator, while preserving the integrity of the statute of wills.

■ Depending upon the particular facts of each case, reference to the will of another may be given effect under any one of three theories: (1) incorporation by reference; (2) power of appointment; (3) facts of independent significance.

The trial court's finding that the testatrix here did not intend to set up a trust and that the words used in the second codicil were insufficient to establish a trust may be correct, but his order and findings completely ignore the theory that a devise can be given effect under "facts of independent significance," a doctrine recognized when facts may not justify the application of the doctrine of "incorpora-

tion by reference." A testator may intend for his property to go to the same persons who are named in another person's will as devisees and legatees, and the gift of the testator's property by his will can be upheld on the ground of "independent significance"—an escape mechanism from the strict requirements of incorporation by reference. Page on Wills, Bowe-Parker Rev.Ed., Vol. 2, § 19.34, p. 119.

■■ The doctrine of incorporation by reference, strongly relied on by the appellee and the trial court is not applicable where a testator bequeaths property to be disposed of in accordance with the terms of any will which another may leave and, consequently, is not applicable here. In this case, Maude Leslie, in her original will, had given one-third of her residuary estate to Clarence A. Leslie, absolutely and in fee simple. There was evidence to the effect that Clarence was ill and that he went to see the lawyer who drafted the second codicil for Maude's will which made provision for the disposition of Clarence's part should he predecease his mother. He did die first. Clarence did not have his will at the lawyer's office when the second codicil was drawn and his mother was not present when the codicil was drafted. It was not shown that she knew who the legatees and beneficiaries of Clarence's will were or that she ever saw a copy of Clarence's will. Nevertheless, Maude made the gift and devise "to the residuary legatees and the residuary beneficiaries of his (Clarence's) *estate* under his *last will and testament*." (Emphasis ours). Words are symbols and we must compare them with things and persons and events. The words, "residuary legatees and residuary beneficiaries of his estate under his last will and testament," designate who are the recipients of Clarence's bounty and are sufficiently certain to identify the class intended and are not void for uncertainty. Leary v. Liberty Trust Co., 272 Mass. 1, 171 N.E. 828, 69 A.L.R. 1239 (1930). By executing the second codicil, Maude made

provision for the contingency which occurred when Clarence died. She failed to change the disposition made by her second codicil, even though she had the right to do so, since she lived several months after Clarence died. Leary v. Liberty Trust Co., supra.

■ We must construe a will so as to carry out the intention of the testator. Maude Leslie, by the language of her second codicil, gave her son, Clarence, the privilege of naming the beneficiary of that part of her residuary estate which he would have taken outright but for the fact that he died first. The gift by Maude to the "residuary legatees and residuary beneficiaries" of Clarence's estate under his last will and testament can be upheld without regard to whether Maude knew who had been designated by Clarence in his last will and testament as the "legatees and beneficiaries" to succeed to that part of Maude's estate which Clarence would have taken but for the fact that he died first.

■ The principle of naming the "legatees" and "beneficiaries" to whom one-third of Maude's residuary estate should go was unlimited, and did not depend for its validity upon Clarence's choice being communicated to Maude. Condit v. De-Hart, 62 N.J.L. 78, 40 A. 776 (1898).

■ The fact that the "residuary legatee" is a "trustee" cannot void the gift. Paying the trustee would carry out the provision in the second codicil to pay the "residuary legatees and residuary beneficiaries" of the estate under the last will and testament of Clarence, since he placed his residuary estate in trust with the First National Bank of Birmingham, as trustee. In Re Fowles Will, 222 N.Y. 222, 118 N.E. 611 (1918).

Several jurisdictions have upheld the validity of wills disposing of property in a manner similar to the fact situation in this case. Matter of Piffard, 111 N.Y. 410, 18 N.E. 718, 2 L.R.A. 193 (1888);

Rogers v. Walton, 141 Me. 91, 39 A.2d 409 (1944); Leary v. Liberty Trust Co., supra; Condit v. DeHart, supra. The situation here presented is discussed in Scott on Trusts, § 54.4, at page 388:

"Where A leaves property to such persons as may take the property of B under B's will, the disposition of B's property is a fact of independent significance. B's disposition of his own property has significance quite apart from the effect which it may have on the disposition of A's property. Accordingly it has been held in a number of cases that where A leaves property to such persons as may take under the will of B, whether B survives A or predeceases him, the disposition of A's estate is valid and the persons who take under B's will are entitled to A's estate."

Clarence's will was executed for independent purposes and not for the purpose of complementing his mother's will. There is no occasion to invoke the doctrine of incorporation by reference in this case, and even if there were, since we are dealing with the will of Clarence which has been admitted to probate, the possibility of fraud is virtually non-existent, and the requirements of incorporation by reference even if applicable should be proportionately relaxed. The testatrix's will here purports to dispose of her property and also provides directions for determining the identity of the beneficiaries by giving a general description of them as well as referring to an act (the execution of Clarence's will), the sole or chief purpose of which was not that of complementing her will, but had the force and effect of an independent legal transaction.

■ We therefore hold that the testatrix could properly leave part of her property to such persons as may take under her son's will, whether the son predeceased her or not. The words which the testatrix used show an intent on her part to give to her son the privilege of naming the

persons who would take his part of her estate should he die first.

The question of the testamentary capacity of Maude Leslie was severed by the trial court, and we pass no judgment on this aspect of the case, this decision being narrowly limited to a construction of the language used by the testatrix in the second codicil of her will and the legal effect thereof. The language used by the testatrix in her second codicil is sufficient to make a gift to the First National Bank of Birmingham, as trustee, of one-third undivided interest of the testatrix's residuary estate, and in the absence of other evidence sufficient to void such gift, the intent of the testatrix as shown by the words she used must prevail. The judgment of the trial court is therefore reversed and rendered on this aspect of the proceeding.

Reversed and rendered.

LIVINGSTON, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.