308 So.2d 692

**Archie J. GIBSON, Jr., et al.**

**v.**

**Carol Ann Gibson JONES.**

**SC 983.**

Supreme Court of Alabama.

Feb. 20, 1975.

Holder & Moore and W. Allen Grocholski, Fayette, for appellants.

Nolen & Enslen, Fayette, for appellee.

**618**

MERRILL, Justice.

The first of two issues presented for decision on this appeal is whether a devise of real estate in a will was five acres or fifteen acres. The trial court decided it was fifteen. We disagree.

In her will, Annie Winn Gibson devised certain real estate, along with other property, to her two sons, Archie Gibson, Jr. and James Robert Gibson, and to Carol Ann Gibson Jones, the daughter of her deceased son, Fred J. Gibson.

The granddaughter sought a construction of the will, her contention being that she was entitled to fifteen acres in one item of the devise to her, while her uncle, Archie Gibson, Jr., contends that the tract devised was only five acres.

The cause was submitted to the trial court on a stipulation of facts, so there is no factual conflict; and the argument is over the intent of the testatrix, and that intent must be derived from the four corners of the will because there is no oral testimony in the record.

It is not necessary to reproduce the entire will because pertinent excerpts from Items C and D of the will are sufficient.

In Item C, the testatrix devised to Archie J. Gibson, Jr., among other property, "The Hayes Place" and part of that description reads: " * * * the West

One-Half (W½) of the Southeast Quarter of the Northwest Quarter; * * * and the West One-Half (W½)[1] of the Southwest Quarter of the Northwest Quarter which lies East of the Fayette and Tuscaloosa paved road; and all of said lands lying within Section 33, Township 17 South, Range 12 West, in Fayette County, Alabama, and containing in the aggregate 115 acres, more or less. LESS AND EXCEPT: Five acres (5) uniform in width taken off the North end of the West One-Half (W½) of the Southeast Quarter of Northwest Quarter and the 10 acres on East side of Southwest Quarter of Northwest Quarter lying East of Fayette and Tuscaloosa paved road in said Section 33, Township 17 South, Range 12 West."

Item D of the will, the devise in controversy, reads: "Five (5) acres uniform in width taken off the North end of West One-Half (W½) of Southeast Quarter of Northwest Quarter and the 10 acres on East side of Southwest One-Half (SW½) of Northwest Quarter lying East of Fayette and Tuscaloosa paved road in Section 33, Township 17 South, Range 12 West, Fayette County, Alabama. This five (5) acres is the same five (5) acres excepted in the above devise to Archie J. Gibson, Jr."

[B1751]

The intention of the testator is always the polestar in the construction of

---

1. Probably an error. No part of the W ½ of SW of NW lies east of the road but the

10 acres is correctly described in the repeated exception.

wills, and the cardinal rule is to ascertain the intention of the testator and give it effect if not prohibited by law; and in arriving at that intention, the court should consider the instrument as a whole. Mastin v. First National Bank of Mobile, 278 Ala. 251, 177 So.2d 808; First National Bank of Birmingham v. Klein, 285 Ala. 505, 234 So.2d 42.

■ With no attending facts and circumstances before us, we conclude that the correct construction is tipped in favor of appellant, Archie Gibson, Jr., for three reasons:

1. The description of the five acres excepted from the devise to Archie and the description of the five acres devised to Carol are identical. Then the testatrix used the words "five acres" twice when she closed the devise with these words, "This five (5) acres is the same five (5) acres excepted in the above devise to Archie J. Gibson, Jr."

2. The draftsman of the deed was careful to spell out "five" acres when speaking of the number of acres devised. We consider "the 10 acres" in the devise to Carol in Item D to be merely descriptive.

3. It would have been useless to have given the 10 acres east of the road in the SW¼ of the NW¼ to Archie in his devise and then immediately take the whole 10 away. This would raise an unexplainable conflict in the will.

In Curlee v. Wadsworth, 273 Ala. 196, 136 So.2d 886, this court said:

"The fundamental rule in the construction of wills is that the intention of the testator is the controlling factor, and his intent must be gathered from the will in its entirety, *and each clause or provision should be so interpreted as to avoid an irreconcilable conflict when reasonably susceptible of such a construction.* Sewell v. Byars, 271 Ala. 148, 122 So.2d 398; Orr v. Helms, 217 Ala. 603, 117 So. 61." [Emphasis Supplied.]

We hold that the testatrix intended to convey a strip of land containing five acres and that strip ran across the north end of the two tracts devised to Archie— from the road on the west to the north-south center line of the SE¼ of NW¼. This is a reasonable construction and avoids an irreconcilable conflict in the will.

This strip of land to which Carol is entitled under this devise is bounded on the west by the Fayette-Tuscaloosa paved road, on the north by the north lines of the SW¼ of NW¼ and the SE¼ of NW¼ of Section 33, on the east by the east line of the W½ of SE¼ of NW¼ and on the south by a line parallel to the north line which will include 217,800 sq. ft. (5 x 43,560). It is possible that the parties can agree on a line slightly different, due to the way the land lies, but, if they cannot, the trial court may order a survey or use such other acceptable method to establish the southern boundary line of the five-acre tract.

Appellee cites cases supporting the proposition that conclusions of fact by the trial court on hearing ore tenus will not be disturbed on appeal unless palpably erroneous and against the great weight of the evidence. The proposition, though correct, is not applicable here because there was no dispute over facts before that court or before us.

■ Where all the testimony was stipulated and no testimony was taken orally before the trial court, we review without any presumption in favor of the trial court's findings. Sheehan v. Liberty Mutual Fire Ins. Co., 288 Ala. 137, 258 So.2d 719; Muscogee Construction Co. v. Peoples Bank & Trust Co., 286 Ala. 258, 238 So.2d 883.

■ The other issue raised concerns the remaindermen in a life estate. The trial court held that Carol was entitled to participate. We agree.

The testatrix, in Item A of her will, devised to her daughter, Frances Marie Gibson (now Hollinger) money, a life estate

in 36 acres, and a life estate in a city lot. These devises were followed by the following paragraphs:

"4. All of the household furniture, furnishings, appliances and fixtures located in my residence and which I may own at my death, provided however if upon her death, there remains any of the original furniture, furnishings and other items it shall revert to my sons hereinafter named.

"5. It is my will and desire that upon the death of my said daughter, Frances Marie Gibson, all of my said estate remaining or so much thereof as she still has shall revert to my sons hereinafter named, share and share alike, in fee simple, absolutely and forever."

The following statement is made, in Item V, only one paragraph from the end of the will:

"In the event that my daughter Frances Marie Gibson, should predecease me, or upon her death, thereby terminating her life estate in and to the property herein given to her, I hereby give, devise, will and bequeath all the property herein devised and bequeathed unto her to my next-of-kin Per Stirpes."

Carol, the granddaughter and plaintiff, contends that the quoted paragraphs 4 and 5 conflict with Item V and "that Item V being the last clause would prevail as being the latest expression of testatrix's intention."

Archie, Jr. and James, the sons and defendants, contend "that the rule respecting clauses of a will has no application since the intention of the testatrix can be gathered from the Will in its entirety."

The trial court held "That the Plaintiff, Carol Ann Gibson Jones, is entitled under Item V of the Last Will and Testament of Annie Winn Gibson to share in the property devised to Frances Marie Gibson for her life time and upon the termination of said life estate, the real estate is to be divided among her next of kin, which includes the Plaintiff, Carol Ann Gibson Jones."

We agree that there is an irreconcilable conflict in the statements in the will. We could reconcile the statement in paragraph 4 because it applies only to personal property. But paragraph 5 includes real estate and it would go to Archie and James in fee simple. But Item V gives that same real estate "to my next-of-kin Per Stirpes."

 Where there is an irreconcilable difference between two clauses or provisions in a will, the last clause generally prevails as the latest expression of the testator's intention. The contrary is true in respect to interpreting a deed. Patterson v. First National Bank of Mobile, 261 Ala. 601, 75 So.2d 471; Austin v. Pepperman, 278 Ala. 551, 179 So.2d 299; Brittain v. Ingram, 282 Ala. 158, 209 So.2d 653.

This part of the decree is affirmed.

Affirmed in part, reversed in part and remanded.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.